THE BROADWAY INSURANCE COMPANY, PLAINTIFF IN ERROR, v. HENRY J. E. DOYING ET AL., DEFENDANTS IN ERROR.

1. When an appraisement of damages is offered to prove the loss by fire, in an action on a policy of insurance, and is objected to on the ground that it was not made as required by the policy, the objection is rightly overruled if it appear that, by an agreement made after the fire, the parties superseded the appraisement clause of the policy.

2. By the terms of an agreement, an umpire was authorized to act in appraising a loss by fire only in case of disagreement between the appraisers and only on matters of difference. The appraisers together examined the damaged goods, and then one offered to the other to appraise the loss at fifty per cent of the amount insured, and the latter refused. After that, the appraiser first named, in bad faith, prevented any further meeting of the appraisers. *Held*, that the other appraiser and the umpire had authority to make a valid appraisement.

3. A request to charge, which requires the court to assume as a fact what is not proved by the evidence, is properly refused.

On error to the Supreme Court.

This was an action upon a policy of fire insurance issued by the defendant to the plaintiffs July 14th, 1891, insuring a stock of hardware, office furniture, &c., in Summit, N. J. A fire occurred December 30th, 1891. The policy contained the following clause : "In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire.

The appraisers together shall then estimate and appraise the loss, stating, separately, sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award, in writing, of any two shall determine the loss." On January 20th, 1892, the plaintiffs entered into a written agreement with the defendant and the Citizens' Insurance Company (which had also issued a policy to the plaintiffs on the same goods), in which agreement it was stipulated that "Charles A. Berrian and Edward Collins (together with a third person, to be first appointed by them, who shall act, in case of disagreement, as umpire on matters of difference only) shall appraise, estimate and determine the actual sound cash value at the time of the fire and the damage by fire of December 30th, 1891, to the property specified and described in the policies of said companies herein named and insured in the name of Doying Brothers, which appraisement and estimate by them or any two of them, as above provided, in writing, as to the amount of such actual sound cash value and loss or damage, shall be binding on both parties so far as regards such appraisement."

Of the appraisers named in this agreement, Charles A. Berrian had been selected by the insured and Edward Collins by the insurers. On February 27th, 1892, these appraisers appointed Gilbert G. Wood as umpire.

Subsequently, the appraisers met on several occasions and spent some time in examining the goods, and on March 9th, 1892, having been unable to estimate their value in detail, Collins told Berrian that he would appraise the loss in gross at fifty per cent. of the face of the policies, but the latter refused to concur in this estimate. After that, various attempts were made to bring about other meetings between the appraisers, but they failed, and on March 23d, 1892, Berrian wrote to Collins that on March 25th, 1892, he expected to meet the umpire in Summit, to examine and appraise the goods. Accordingly, on the day last mentioned, Berrian and Wood (Collins not appearing) met in Summit and made, in writing, an appraisement and estimate of the sound cash

value of the insured property and of the damages done to it by the fire.

At the trial of the cause in the Hudson Circuit, the plaintiffs offered this appraisement as the evidence of the amount of their loss, and it was objected to by the defendant on the ground "that there had been no appraisement made such as is required by the provisions of the policy." This objection was overruled and exception taken.

At the close of the testimony, the defendant's counsel requested the court to instruct the jury "that the award offered in evidence was not a valid award; that the umpire could not act unless the appraisers had come together and had disagreed, and that, as that was not the situation in this case, the umpire had no power to act and the award was not valid." The court refused so to charge, and directed the jury that, if they were satisfied, from the evidence, that one of the appraisers was acting in bad faith and really endeavoring to defeat an appraisement altogether, or postpone it for some ulterior purpose, the other appraiser, acting in good faith, had the right to call upon the umpire, and the appraisal of that appraiser and the umpire would be binding upon the parties. To this refusal, and to this portion of the charge, exception was taken.

Upon the exceptions thus allowed, error has been assigned.

For the plaintiff in error, *Robert L. Lawrence.*

For the defendants in error, *Gilbert Collins.*

The opinion of the court was delivered by

DIXON, J. The objection to evidence was properly overruled. The appraisement was not offered as one "required by the provisions of the policy," but as one made under the agreement of January 20th, 1892. This agreement was substituted for the appraisement clause of the policy, and, being somewhat different from it, in effect abrogated it. Whether, therefore, the appraisement was such as the policy required,

was immaterial. An appraisement made under the agree-ment was, according to its terms, binding on the parties.

The request to charge was legally refused, for it assumed as a fact what was not proved, viz., that the appraisers had not come together and disagreed. The uncontradicted testimony was that the appraisers had together examined the goods in question, and that their examination had resulted in a difference of opinion as to the damage done by the fire, Collins thinking the damage done was fifty per cent. of the face of the policies, Berriañ thinking it was more. Whether this difference of opinion was such a disagreement as would justify calling in the umpire might depend on circumstances. The court could not lawfully determine that, under all the evidence, the umpire had no authority to intervene, and therefore did not err in refusing to charge as requested.

That portion of the charge which is excepted to would be subject to criticism if considered abstractly. Under the agreement between the parties, the refusal of one of the appraisers to appraise, whether in good faith or in bad faith, would not give jurisdiction to the umpire. He was empowered to act only " in case of disagreement," *i. e.*, in case the appraisers had considered the matters submitted to them and had formed and expressed to each other different opinions concerning them.

But when viewed in the light of the uncontradicted testimony above noticed, the charge does not seem to be prejudicial to the defendant. If, after the appraisers had examined and conferred about the damage done, they had reached and expressed to each other different estimates of its amount, and thereafter one of the appraisers, in bad faith, endeavored to prevent further conference or to postpone such conference for some ulterior purpose, then the other appraiser, acting in good faith, would have a right to regard their difference as a final disagreement, and thereupon to call in the umpire. The contract did not require that the appraisers should concur in summoning the umpire to settle their differences, but whenever, in fact, a disagreement arose between them, he became

qualified to act, and with either of them might make a valid appraisement of the matters on which the appraisers had differed. In accordance with this view was the charge when applied to the undisputed facts of the case, and it is only with reference to the circumstances before the court that the legality of the charge can be adjudged. *Packard* v. *Bergen Neck Railway Co.*, 25 *Vroom* 554, 562.

Other matters were discussed upon the argument, but they are not presented by the bill of exceptions.

We find no error in the record, and the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, ABBETT, DIXON, GARRISON, LIPPINCOTT, VAN SYCKEL, BOGERT, BROWN, SMITH. 9.

*For reversal*— THE CHIEF JUSTICE, DEPUE, MAGIE, REED, CLEMENT. 5.