## NORRIS V. EQUITABLE FIRE ASSOCIATION.

1. In an action on a fire policy, a question put to insurer's secretary as to whether he had "settled" the amount of the loss with insured was objectionable as calling for a conclusion.

2. Laws 1897, p. 199, c. 70, § 7, authorizing the organization of mutual fire insurance companies, provides that the secretary thereof shall adjust the amount of a loss, and, if a satisfactory settlement cannot be made, shall appoint a committee to do so, and, if the parties cannot agree, arbitration shall be had. Held, that where, in an action on a policy, there was no evidence that any attempt had been made by the secretary to settle the amount of the loss, or any arbitrators appointed, evidence as to the appointment of a committee was immaterial, and properly stricken.

3. Laws 1897, p. 199, c. 70, § 7, authorizing the organization of mutual · fire insurance companies provides that the secretary thereof shall adjust the amount of a loss, and, if a satisfactory settlement cannot be made, shall appoint a committee to do so, and, if the parties cannot agree, arbitration shall be had by a board of arbitrators. Held, that where, after notice of a loss, the company failed to take any of the steps provided by the statute for adjustment of the loss, it amounted to a waiver of the conditions.

4. Where the insurer made no objection to the payment of a fire loss on the ground that the insured had failed to furnish a certificate of a justice of the peace as required by the policy, failure to furnish such certificate was no bar to an action on the policy.

(Opinion filed January 25, 1905 )

Appeal from circuit court, Yankton county; Hon. E. G. SMITH, Judge.

Action by J. L. Norris against the Equitable Fire Association. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*Joe Kirby,* for appellant.

*French & Orvis,* for respondent.

CORSON, P. J. This is an appeal by the defendant from a judgment in favor of the plaintiff upon a directed verdict. The action was brought to recover the amount of a loss by fire upon a policy of insurance. The defendant is a mutual insurance company organized and existing under chapter 70, Laws 1897, now substantially constituting sections 614 to 633, inclusive, Civ. Code. The policy of insurance was issued on the 15th day of September, 1899, by which the plaintiff was insured on a stock of merchandise in Volin, S. D., for the sum of $2,000, and on the 13th day of September, 1900, this stock of goods was destroyed by fire. The policy provided, among

other things, that the same should be subject to the by-laws, which are to be resorted to in order to determine the rights and obligations of the parties thereto in all cases not therein otherwise specially provided for in writing or in print.

The propositions on which reversal is claimed by appellant are, in substance, as follows: (1) A member of a mutual association organized under chapter 70, p. 197, Laws 1897, cannot maintain an action at law against the association without having submitted the question of the liability of the association and amount of the loss to the board of adjustment or arbitration provided for in section 7 of the said act. (2) Such a suit cannot, in any event, be maintained against an association in the first instance, and not until after its claim has been adjudicated by the board of arbitration, and the association has made the necessary assessment upon its members to satisfy the loss, if any. (3) A member of such association cannot maintain an action against the association in any event until it furnish the association with a certificate of a justice of the peace or some other officer as provided by the policy.

It is contended by the appellant that three things were necessary in order to effect a settlement where a member has sustained a loss. (1) There must be a mutual adjustment between the assured and the association through its secretary; or, (2) the appointment of three disinterested members of the company to ascertain the amount of the loss; or, (3) in case the committee fail to agree, then the appointment must be made of three arbitrators, as provided in the section, who "shall have the power to examine witnesses and determine all matters in dispute, and the decision of said board shall be final," as provided by the act authorizing such association. It is fur-

ther contended that it was necessary under the law that the assured's loss should have been adjusted under said act before the secretary could have levied the assessment on the different members under sections 8 and 9, which provide, in substance, that when the amount of the loss is ascertained the secretary shall levy an assessment upon the members to pay the same. It is further contended by the appellant that as the defendant company was organized under the law providing for mutual benefit associations, the provisions for a committee and arbitrators are a part of the law of its incorporation, and therefore was obligatory upon the parties, both the company and the assured.

It is contended by the respondents that there was no conflict in the evidence as to the fact that the appellant issued its policy of insurance to respondent upon the payment of $50, by the terms of which they insured him for one year on certain merchandise therein described in the sum of $2,000; (2) that fire occurred and the goods were destroyed on the day stated; and that there was a loss in excess of the amount insured, and that immediate notice of such loss was given to appellant by respondent; (3) that subsequently proofs of loss were served upon the appellant on the 10th day of November, 1900, which were received and retained by defendant without objection, and this action was brought on the 23d day of January, 1901; and (4) that appellant never made any statement to respondent denying or disagreeing with him as to the amount of the loss, or requested the appointment of a board of arbitration. It is further insisted by the respondent that the condition for arbitration in the policy is not a condition precedent, and that in the case at bar the arbitration was waived by the defendant by

reason of its failure to request that such arbitration be had, and the fact that its policy is drawn in the form of an old line policy, and that the by-laws are only to be referred to when they conflict with the terms of the policy; for as before stated, there is no evidence proving or tending to prove that any demand for an appointment of a Board of Arbitration was made by the defendant.

Section 7, c. 70, p. 199, Laws 1897, reads as follows: "Every member of said company who may sustain loss or damage by fire, lightning or tornado, shall immediately notify the secretary of said company, specifying the property destroyed, the damage and cause thereof, which officer shall, within thirty days thereafter, ascertain and adjust the amount of such loss or damage, and in case a satisfactory settlement cannot be made by him, he shall appoint a committee of not more than three disinterested members of said company, to ascertain the amount of such loss, and in case of the inability of the parties to agree upon the amount of such damage, the claimant shall choose a disinterested party, and the company shall choose a disinterested party, who shall constitute a board of arbitration, to settle such loss, and in case these parties cannot agree, they shall choose a third party to act with them and said board of arbitration shall have the power to examine witnesses and determine all matters in dispute, and the decisions of said board shall be final." It will be observed that by that section a method is provided for ascertaining the liability of the association and the amount of the loss, and by section 8 it is provided that, whenever the amount of the loss shall be ascertained, it is made the duty of the secretary to levy an assessment, upon the members of an amount sufficient to pay such

loss, and by section 9 it is made the duty of the secretary, when such assessment shall have been completed, to notify the members of the company, and proceed to collect the same. It would seem, therefore, that the lawmaking power contemplated in the organization of mutual benefit associations that the amount of the loss of the assured and the liability of the association should be determined in a less expensive manner than by litigating the same in the courts, and each member of the association, by becoming a member thereof, in effect agrees to be bound by the method provided for determining the amount of the loss and the liability of the association for the same. Notwithstanding the provisions of the law, however, it was, in our opinion, competent for the appellant to waive its provisions, and it would seem to have done so in the case at bar by failing to comply with the provisions of the law, by failing to furnish proof showing that an offer had been made to settle the claim with the assured, and by failing to appoint an arbitrator and requesting the appointment of one by the assured as provided by the act. It is true evidence was offered tending to prove that the secretary of the appellant failed to make a settlement with the assured, and also that a committee was appointed to report upon the case; but upon the motion of counsel for respondent the evidence upon that subject was excluded on the ground that there was no competent proof of these facts. Upon the secretary being called as a witness, he was asked whether or not he made a settlement with the assured. This question was objected to on the ground that it called for an opinion of the witness, and not for the settlement of any facts, and was excluded by the court. The ruling of the court was excepted to, but, in our opinion, the ruling was correct. No further evidence was of-

fered upon that subject but counsel for the appellant subsequently offered evidence tending to prove that a committee had been appointed, and had reported to the secretary of the company; and, in the absence of proof that no settlement had been effected, this was clearly inadmissible. No evidence was offered on the part of the appellant proving or tending to prove that any arbitrator was appointed by the appellant for the settlement of such loss, nor did the company notify the assured that he would be required to select such arbitrator in accordance with the provisions of section 7 above quoted. In Schouweiler v. Mer. Mut. Ins. Ass'n, 11 S. D. 401, 78 N. W. 356, this court says: "It seems to be well settled that when an insurance company relies upon the condition of a policy that no action can be maintained against it until the amount of loss shall be ascertained and fixed by appraisers as specified in the conditions of the policy, it must be strictly construed as against the company. The condition in the policy is inserted therein for the benefit of the company, and to avail itself of this condition it must proceed promptly to take the necessary steps to have the amount of the loss adjusted as provided in the policy and in section 7, above referred to." There being no proof, therefore, that any attempt had been made to settle the controversy between the parties, or that any arbitrator had been appointed by the appellant, or the assured requested to appoint one, the evidence as to the appointment of the committee became clearly immaterial, and was properly stricken out. All the evidence of the appellant being excluded, the court, upon the facts proven by the assured, properly directed a verdict in his favor.

It is contended by the appellant that it was the duty of the

respondent to have appointed an arbitrator, and requested the appellant to also appoint one, but in the case of Schouweiler v. Mer. Mut. Ins. Ass'n, supra, this court held, as will be seen, that the provisions of the act were for the benefit of the appellant, the insurance company, and, if it would avail itself of the provisions of the act, it must do so promptly.    Appellant was advised by the proofs of loss on the part of the respondent that he claimed the amount due upon his policy, and therefore it was the duty of the company to proceed to take the necessary steps to have the loss adjusted in the manner provided by the statute, and, failing to do this, it in effect waived the provisions of the statute and its policy, and the respondent had a right to assert his claim in an action at law.

It clearly appears from the evidence that the respondent in taking defendant's policy, paid a premium of $50 for his insurance, and that the company issued to him substantially an "old line," or what is generally denominated a "standard," policy.  The company having issued such a policy, the respondent was entitled to rely upon the same, and to proceed under its provisions.   It would seem from the evidence that he submitted his proofs of loss as provided in the policy, and upon failure to pay the amount claimed, or any part thereof, he proceeded to bring his action as he was entitled to do.   Whether or not, had the appellant appointed an arbitrator and notified the plaintiff, and had also requested the plaintiff to appoint an arbitrator, the decisions of such board, when properly constituted, would have been final, and precluded the appellant from bringing any action upon the policy, in case all the conditions prescribed in section 7 had been complied with, it is not necessary to decide.   It is sufficient, for the purpose of this decision,

that the defendant failed to comply with the conditions prescribed by the act, and failed to proceed as therein directed, and that such failure constitutes a waiver by appellant of the conditions prescribed by the act. It being undisputed, therefore, that the plaintiff was insured on his stock of goods for the sum of $2,000, that the stock of goods was destroyed by fire, that due notice thereof was given to the defendant, proofs of loss furnished by the plaintiff to the defendant, to which no objection was made, and that no part of the claim of respondent had been paid, it was clearly the duty of the court to direct a verdict in favor of the respondent. The contention of the appellant that the fact that respondent had failed to furnish a certificate of a justice of the peace or other officer precluded his recovery in the action is not tenable, for the reason that no objection to the payment of the loss seems to have been made by the appellant by reason of the respondent's omission to furnish such certificate, and that condition in the policy was therefore waived.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.