# CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota.

## PEEVER MERCANTILE COMPANY v. STATE MUTUAL FIRE ASSOCIATION OF CANTON.

A finding by the trial court on conflicting evidence will not be reversed on appeal, where the Supreme Court cannot say that there is a preponderance of the evidence against it.

Rev. Civ. Code, § 1849, declares that the acknowledgment in a policy of the receipt of the premium is conclusive evidence of its payment so far as to make the policy binding, notwithstanding a stipulation that it shall not be binding until the premium is actually paid. **Held** that, where defendant delivered a policy in terms acknowledging the receipt of the premium, it could not in an action thereon deny that the premium was actually paid, for the purpose of defeating the binding force of the policy.

Under Rev. Civ. Code, § 418, authorizing a domestic corporation to change its name by an amendment of its articles, a change of name so made did not affect the identity of the corporation, which remained the same.

A renewal policy was issued and addressed to a corporation in its original name after its name had been changed by an amendment of its articles. The policy was received and retained by the insured. **Held**, that the acceptance of the policy created a binding contract between the parties.

(Opinion filed, February 10, 1909.)

Appeal from Circuit Court, Roberts County. Hon. JAMES H. McCoy, Judge.

Action by the Peever Mercantile Company against the State Mutual Fire Association of Canton, S. D. Judgment for plaintiff, and defendant appeals. Affirmed.

*A. R. Jameson* and *Aikens & Judge,* for appellant.

A reformation of a written instrument will not be awarded on account of a mere unilateral mistake unaccompanied by fraud.  6

Pomeroy's Equity Jurisprudence, § 676, being 2 Pomeroy's Equitable Remedies; notes to Williams v. Hamilton, 65 A. S. R. 490-522. The plaintiff could not be considered a member of the association when it had ignored the proffered policy and had failed to do the single act necessary to be done in order to accept and become for another year such member and entitled to the benefit of insurance. Brink v. Ins. Ass'n, 17 S. D. 235-9; Nordness v. Mut. Cash Guar. F. Ins. Co., 114, N. W. 1092. Whether or not the policy was delivered after its issuance depends not upon its manual possession by assured after its issuance, but rather upon the intention of the parties as manifested by their acts or agreements. Phoenix Assurance Co. v. McAuthor, 67 A. S. R. 154; 11 Am. & Eng. Ency. of Law, 285.

*Frank McNulty*, for respondent.

The Civil Code on page 809, Sec. 1849, provides as follows: "An acknowledgment in a policy of the receipt of premium is conclusive evidence of its payment so far as to make the policy binding notwithstanding any stipulation therein that it shall not be binding until the pemium is actually paid." Possession of the policy makes a prima facie case of delivery. Elliott on Insurance, Sec. 31. The time of delivery is presumed to be on the day of its date. Jones on Evidence, Sec. 44. The presumption arising from possession by the obligee named in a bond or the payee named in a promissory note or any other instruments may be rebutted; but the proof in rebuttal to be effectual must be strong enough to produce a conviction that the obligee or payee obtained possession of the paper without the consent of the maker. Wood v. Chetwood, 45 N. J. Eq. 369.

CORSON, J. This is an appeal by the defendant from a judgment in favor of the plaintiff and order denying a new trial. The action was instituted by the plaintiff to recover of the defendant the amount of an alleged insurance by the defendant on plaintiff's stock of goods, destroyed by fire at Sisseton, in this state.

The complaint is in the usual form, and it will only be necessary to refer to the ninth and tenth allegations, which are as follows: "(9) That plaintiff was incorporated under the name of the

'Peever-Gorham Mercantile Company,' but that afterwards by amendment duly and legally made its said name was changed to the 'Peever Mercantile Company,' and that the Peever-Gorham Mercantile Company and the Peever Mercantile Company are one and the same corporation, and the said stock of merchandise is the identical stock owned by the Peever-Gorham Mercantile Company, now known as the Peever Mercantile Company, and is the identical stock of merchandise intended to be insured by the defendant. (10) That by mistake said policy of insurance was made out in the name of the Peever-Gorham Mercantile Company, instead of in the name of the Peever Mercantile Company."

The answer of the defendant admits certain allegations of the complaint, and alleges, among other things: "That said policy No. 7,670 was dated April 11, 1907, and was on that date mailed at Canton, S. D., by depositing the same in the United States post-office duly sealed and addressed to the Peever-Gorham Mercantile Company, at Sisseton, S. D., together with a blank note and printed notice. That the notice accompanying said policy contained the following clause: 'Inclosed herewith find our policy No. 7,670 as per your application, which we hope you will find correct. Please remit cash premium $36.00 and sign the inclosed note for one-third of the premium, giving this your prompt attention by return mail, as no policy will be considered in force until the premium is paid, without the written consent of the secretary.' That policy No. 6,443, which was then held by the Mercantile Company, expired by its terms the 23d day of April, 1907, at 12 o'clock noon. That no written consent was ever given by the secretary for the extension or forbearance of the payment of the premium in said notice referred to in subdivision 4 hereof or in the by-laws of said company. That no part of the premium for policy No. 7,670 was ever paid or tendered to the defendant, nor was any note for any part of the premium for policy No. 7,670 ever given or offered to defendant until on or about the 6th day of May, 1907, about a week after the fire occasioning the alleged loss to plaintiff, and about two weeks after the expiration of policy No. 6,443 aforesaid. That on or about May 6th the $36 and the note for $18 was received by the defendant and was promptly refused and returned.

That again on or about May 25, 1907, said sum and said note were again received by the defendant and again promptly refused and returned. And that because of the nonpayment of the premium as provided by the by-laws and policy aforesaid defendant avers that said policy No. 7,670 never became operative or in force."

For a further defense defendant alleges: "That the property insured by policy No. 6,443, in the complaint and in his answers hereinbefore referred to, was, when said policy was applied for, owned by the Peever-Gorham Mercantile Company, a corporation, and was not sold or transferred to plaintiff with the consent of defendant, or with its knowledge or acquiescence. That the defendant never, previous to the loss by fire alleged in the complaint, had any notice in any manner of any change in the ownership of the property covered by policy No. 6,443 aforesaid and described in its policy No. 7,670, or that plaintiff had in any manner or to any extent succeeded to the title, or any portion of the title, to all or any of the property of the Peever-Gorham Mercantile Company mentioned and described in said policy No. 6,443; nor did defendant know, nor had it ever received any notice, directly or indirectly, that the said Peever-Gorham Mercantile Company has ceased to exist or has transferred the said property described in said policy No. 6,443 to plaintiff, or to any other person or corporation. Notwithstanding all of which defendant alleges on information and belief and charges the fact to be: That prior to the 23d day of April, 1907, said Peever-Gorham Mercantile Company did dispose of all its title in and to said insured property; that plaintiff never made application to defendant for a policy of insurance upon any of its property, nor did defendant ever intend or agree to issue any policy of insurance to plaintiff, nor did it ever issue or deliver to plaintiff, nor did it ever know of the existence of plaintiff previous to the 3d day of May, 1907; that by reason of the facts in this paragraph contained defendant avers that said policy No. 7,670 never became operative or in force; and that defendant did not make any mistake in the execution of said policy No. 7,670, but intended to insure only the property of the Peever-Gorham Mercantile Company."

It is disclosed by the evidence, and the court finds, that in January, 1907, the Peever-Gorham Mercantile Company amended its articles of incorporation by eliminating therefrom the name Gorham, and that the company under the new name continued its business on the same premises and with the same line of goods as it formerly had done before amending its articles of incorporation. The material findings of the court for the purposes of this decision are as follows: "That on or about the 11th day of April, 1907, at Roberts county, S. D., in consideration of the payment by plaintiff to defendant of the premium of $36 and the execution of a promissory note in writing for the sum of $18 the defendant made its policy of insurance in writing; * * * that said policy of insurance heretofore described was duly executed and delivered by the defendant to the plaintiff; that said delivery was absolute; that said policy of insurance was intended by the plaintiff and defendant to take effect and insure the plaintiff against loss of its stock of merchandise; that the allegations of plaintiff's complaint are in all things true; and that the allegations of defendant's answer, except in so far as they admit the allegations of plaintiff's complaint, are not true."

It is contended by the respondent, in support of the findings and judgment of the trial court, that notwithstanding the Peever-Gorham Mercantile Company changed its name in January, 1907, by eliminating therefrom the name of "Gorham," the plaintiff was entitled to recover upon the said policy in this action, and that, notwithstanding the change of name, the plaintiff corporation practically continued as the same corporation and was entitled to be regarded for the purposes of this insurance, the same as though no amendment had been made to its articles of incorporation. This seems to have been the view taken by the trial court, as its findings, conclusions of law, and judgment were in favor of the plaintiff.

It is contended by the defendant, however, that the renewal policy issued by it to the original corporation, without any knowledge on its part that that corporation had ceased to exist, and without any notice on the part of the new corporation that any change had been made in the name of the same, and without the payment by it of the premium prior to the loss or of the execution

of the premium note required by the constitution and by-laws of the defendant corporation, such policy did not in law constitute a renewal policy in favor of the present plaintiff, and hence that the defendant was not liable for the loss, and defendant was not estopped as against the plaintiff from showing that the premium had not been paid and the premium note had not been executed. We are inclined to take the view that plaintiff and respondent is right in its contention—that the mere change by amendment in the name of the corporation did not affect its right to recover in this action.

It will be observed that the defendant mailed the renewal policy unaccompanied by any conditions, and that the notice claimed by the defendant to have been inclosed in connection with said renewal policy was never in fact forwarded to the plaintiff. It is contended by the defendant that the court erred in not finding that the notice set out in defendant's answer was forwarded with the renewal policy; but, as the evidence was conflicting upon that issue, we are not able to say that there was a preponderance of the evidence against the finding of the court in favor of the plaintiff. Randall v. Burk Twp., 4 S. D. 337, 57 N. W. 4.

It is quite clear from the findings of the court that the present plaintiff and the Peever-Gorham Mercantile Company are one and the same corporation, and that the amendment of its articles of incorporation did not in any way change its identity as a corporation. Section 1849 of the Revised Civil Code provides: "An acknowledgment in a policy of the receipt of premium is conclusive evidence of its payment, so far as to make the policy binding, notwithstanding any stipulation therein that it shall not be binding until the premium is actually paid." It will be noticed that by the terms of this section an acknowledgment in a policy of the receipt of premium is conclusive evidence of its payment so far as to make the policy binding. It was not competent therefore for the defendant, after having acknowledged the receipt of the premium in its renewal policy, to question the payment of the same for the purpose of defeating the binding force of the policy, though it might show, perhaps, in an action to recover the premium, that the same had not been paid. It is clear therefore that, the renewal policy having been mailed and received and retained by

the plaintiff, the plaintiff having sustained a loss during the existence of the renewal policy, was entitled to recover for such loss in this action, and that the mere fact that its articles of incorporation had been amended by a change in the name of the corporation did not affect its rights to recover under the renewal policy.

By section 418 of the Revised Civil Code it is provided that: "Any corporation incorporated under the laws of the territory of Dakota, or that has been or may be hereafter incorporated under the laws of the state of South Dakota, may amend its articles of incorporation so as to modify or enlarge its business; * * * change its name or location within the state." While the statute does not directly provide as to the effect of such amendment, it seems to be the general rule "with reference to the effect of changing the corporate name it may be stated that it has no effect whatever, in theory of law, upon the identity of the corporation, although it may have the effect of inducing additional averments in pleading in particular cases." 10 Cyc. 156; Trinity Church v. Hall, 22 Conn. 125; 7 Am. & Eng. Ency. of Law, 686, 687; Weifley v. Shenandoah Iron, etc., Co., 83 Va. 768, 3 S. E. 376. It is quite clear from the evidence and findings in the case at bar that the identity of the plaintiff corporation was not changed by the amendment in the name. It occupied the same premises and continued the same business and had practically the same officers. In our opinion the court was right in holding that the renewal policy was in effect mailed to the plaintiff although issued and addressed in the name of the old corporation, and that its retention by the plaintiff was in legal effect an acceptance of the policy, and thereby created a binding contract between the defendant and the plaintiff. The change in the name "does not amount to the creation of a new corporation, since under the new name all its original rights, privileges, liabilities, remained intact." 7 Am. & Eng. Ency. of Law, supra.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.