## PEEVER MERCANTILE CO. v. STATE MUT. FIRE INS. CO.

Under Civ. Code, § 1796, providing that all kinds of insurance are subject to the provisions of that chapter, a mutual fire insurance company is as effectively bound by section 1849 declaring an acknowledgment in a policy of the receipt of the premium conclusive evidence of its payment, notwithstanding any stipulation therein that it shall not be binding until the premium is actually paid, as an insurance company organized on any other basis.

Civ. Code, § 1849, declaring an acknowledgment in a policy of the receipt of the premium conclusive evidence of its payment notwithstanding any stipulation therein that it shall not be binding until the premium is actually paid, is not unconstitutional.

(Opinion filed, May 24, 1910.)

On rehearing. Judgment and order denying a new trial affirmed.

For former opinion, see 23 S. D. 1, 119 N. W. 1008

SMITH, J. This case is before us on rehearing. The original opinion is reported in 23 S. D. 1, 119 N. W. 1008, and a restatement of the facts is unnecessary here. It is contended that there was never a valid delivery of the policy of insurance. But the answer itself admits that the renewal policy was mailed to and received by the assured. The real contention of appellant upon this point seems to be that, although the policy was so delivered, it was accompanied by a written notice which advised the assured that "no policy will be considered in force until the premium is paid, without the written consent of the secretary." The assured denied that this notice was received with the policy, and the finding of the court upon this issue of fact cannot be disturbed under the evidence in the record. But were this not so, in the view we take of this case, the fact would be immaterial. We do not

regard the doctrine of estoppel as entering into this case, and for that reason shall not discuss the question of the authority of an officer of a mutual insurance company to waive a by-law or create an estoppel by his acts. Section 1796 of the Civil Code (Comp. Laws 1903) provides: "All kinds of insurance are subject to the provisions of this chapter." Mutual insurance companies are therefore as effectively bound by the provisions of section 1849 of that chapter, as are insurance companies organized upon any other basis. Mutual companies accept their authority to transact business under the rules and limitations prescribed by this law, as do other companies. And no reason is perceived for differentiating them from other insurance organizations, in respect to the specific rule laid down in section 1849, Civil Code, which reads as follows: "An acknowledgment in a policy of the receipt of premium is conclusive evidence of its payment, so far as to make the policy binding, notwithstanding any stipulation therein that it shall not be binding until the premium is actually paid." The same reasons exist for the application of the statutory rule to mutual companies as to others. Corporations can act in no other way than through their agents, and for that reason such agents must be clothed with certain powers. In transacting the business of insurance some officer must have authority to execute and deliver policies. There is no question in this case but that the president who mailed this policy to the insured had general authority to deliver the company's policies to the assured. Nor is any question raised of any collusion between the president of the company and the assured to do an act deterimental to the company. The company prepared and adopted its own form of policy, and placed in it recitals which bring the company within the provisions of section 1849, supra.

Upon what theory can the company now seek exemption from the operation of that law? Can it be contended that the company may enact a by-law which in effect repeals the statute? But counsel for appellant discuss this by-law of the corporation as though it expressly forbade the delivery of the policy by the officers until the premium is first paid by the assured. Such is not its lan-

guage, nor can it, in view of the recitals of payment in the policy itself, be given such effect. No question is presented as to the authority of the officers to issue this policy with recitals of payment, and no limitation as to the delivery of such policies is found in the by-laws or elsewhere. No law, or by-law, was violated by the president of the company when he mailed such a policy to the assured. And assuming, as alleged, that he did inclose a notice, to the effect that the policy would not be considered in force till the premium was first paid, yet he certainly could not make an unconditional delivery of the policy containing recitals of payment, and notify the assured at the same instant that the company would not be bound by these same recitals which the law makes conclusive against the company. Appellant's counsel also suggest that section 1849, Civ. Code, is unconstitutional. We are not able to find any constitutional provision limiting the power of the Legislative Assembly in the enactment of such legislation. It is also argued by appellant's counsel that if plaintiff be allowed to recover in this action, there is no security for members of a mutual company, because the president and secretary might bestow policies gratuitously. It may, however, be suggested that the law which authorized the formation of insurance companies does not undertake to guarantee the honesty of business judgment of the officers selected to transact their business, but merely presents a rule of action which governs all alike, and perhaps assumes that such officers will be honest and businesslike in their methods—it can hardly go farther. If the company did not desire to be bound by the law, it should have adopted a different form of policy. So long as its policies contain recitals of payment of premium, and no by-law limits the authority of its officers as to delivery of policies without payment of premium, the courts must be governed by the rule laid down in this statute.

We have given careful attention to the able discussion of counsel of other propositions ruled in the former opinion of the court, and we are satisfied that they were correctly decided.

The judgment and order of the trial court are therefore af firmed.

McCOY, J., not sitting.