## OLIVER G. WONDRA v. NATIONAL LIFE INSURANCE COMPANY.[1]

June 19, 1914.

Nos. 18,616—(122).

**Insurance — waiver of right to bring action.**

1. Hand v. National Live-Stock Ins. Co. 57 Minn. 519, 59 N. W. 538, to the effect that a stipulation in an insurance contract granting the company a certain time after loss within which to make payment, and that no action can be brought thereon prior to the expiration of such time, may be waived, followed and applied.

**Evidence of agency — finding.**

2. Evidence tending to show the fact of agency, though incompetent, *held* sufficient to justify a finding of agency, since it was received on the trial without objection.

Action in justice court to recover $75, under defendant's policy insuring plaintiff against accident. On appeal to the municipal court of St. Paul, the case was tried before Hanft, J., who made findings and ordered judgment for $45 in favor of plaintiff. From an order denying its motion to amend the findings or for a new trial, defendant appealed. Affirmed.

*Reed & Swift,* for appellant.

*Wondra & Helm,* for respondent.

[1] Reported in 147 N. W. 961.

Brown, C. J.

This action was brought in justice court to recover upon an accident insurance policy, appealed from that court to the municipal court of St. Paul where plaintiff had judgment for $45 and costs. Defendant appealed from an order denying its motion for amended findings and for judgment in its favor, or for a new trial.

The answer, as amended in the municipal court, admitted the issuance by defendant of the insurance policy upon which the action is founded, but put in issue the question of its liability by a general denial. The amended answer also pleaded a special defense, in abatement, that the action was prematurely brought, since under contract the indemnity payable to plaintiff was not due until the lapse of 60 days from the date of the proof of injury. This defense was the only one relied upon at the trial. The court found that defendant, by denying liability under the contract, waived the provision postponing the date of payment, and of this finding defendant complains.

The rule is well settled in this state, as elsewhere, that a provision of an insurance contract like that in this case, by which the insurance company is given a certain time within which to make payment of loss, may be waived, and is waived by the denial of liability by the company. Hand v. National Live-Stock Ins. Co. 57 Minn. 519, 59 N. W. 538; 3 Notes on Minnesota Reports, 1170. The evidence disclosed by the record in the case at bar justified the court in finding such denial by defendant. The evidence also justified the court in finding that the person making the denial was the agent and representative of the defendant. The evidence tending to show such agency was to some extent incompetent. It was, however, not objected to and the case comes within the rule that a fact may be established by incompetent evidence, when received without objection. Lindquist v. Dickson, 98 Minn. 369, 107 N. W. 958, 6 L.R.A.(N.S.) 729, 8 Ann. Cas. 1024; Western Land Securities Co. v. Daniels-Jones Co. 113 Minn. 317, 129 N. W. 508. The court was not required, by the evidence presented, to find that the denial of liability was only as to part of the claim, if it be conceded that such a denial

would not constitute a waiver.   There was evidence tending to show that the denial was absolute and unqualified.

The record presents no reversible error.

Order affirmed.