SCHULTZ, Respondent, v. DES MOINES MUTUAL HAIL &
CYCLONE INSURANCE ASSOCIATION, Appellant.

(153 N. W. 884.)

(File No. 3644.   Opinion filed July 24, 1915.)

1.   **Insurance—Hail Insurance—Action on Mutual Policy—Suspension
of Policy—Statutory Notice to Insured, Necessity for—Applica-
bility of Statute.**

Under Civ. Code, Sec. 677, prohibiting forfeiture or sus-
pension for non-payment of any note or obligation taken for
premium or any part thereof unless insurer shall give the
notice therein specified, and Sec. 678, defining "premium" as
including policy fees and all other sums of money paid or
agreed to be paid in consideration of an insurance policy, and
Sec. 685, making the foregoing provisions applicable to all in-
surance companies and associations, both stock and mutual,
transacting the business of insuring, against hail, etc., property,
held, that plaintiff, insured by a hail and cyclone insurance as-
sociation, who gave his note for payment of annual premiums
to be assessed yearly by the company, was entitled to said
statutory notice before his policy could be suspended for non-
payment of any assessment, and this, notwithstanding a by-
law in the policy requiring all losses thereunder to be ad-
justed and paid on or before a certain date of the year, or as
soon thereafter as the assessments can be collected, which date
fell after date of commencement of the suit. So held, where
defendant company had given plaintiff statutory notice as to
date of maturity of the note and amount due, but had failed
to notify of the effect on the policy of non-payment, or to in-
form him of his right to elect to pay up and keep policy in
force or to terminate it by surrender and payment of such
premium as it had earned, or to inform of amount insured
must pay thereunder, or amount due him under a surrender.

2.   **Statutes—Interpretation—Legislative Provision as Against "Rule
of Reason"—Mutual Insurance, Suspension of Policy.**

Although that statute, if construed by the court according to
the "rule of reason" and where it felt free to do so, might
be interpreted as making non-applicable to mutual insurance
companies the provisions of Civ. Code, Sec. 677, prohibiting
forfeiture or suspension of any "policy of insurance" for non-
payment of premium, unless notice is given by insurer to in-
sured as therein required, yet, in face of the express provisions
of Sec. 685, making certain general provisions embracing Sec.
677 applicable to such companies, that section may not be in-
terpreted according to the "rule of reason."

3.   **Insurance—Mutual Companies—By-Laws—Conflict With Statute.**

By-laws of a mutual insurance company, which are in con-

flict with express statutory provisions concerning conditions upon which insurance policies may be, suspended, cannot be sustained.

4. **Same Action on Mutual Policy—Time of Payment—Waiver, Denial of Liability, as.**

A provision, in a mutual hail insurance policy, fixing the time at which payment of loss shall be made, is waived by denial of liability by the company.

5. **Same—Mutual Insurance—Waiver of By-Laws—Power of Officers. Officers.**

Officers of a mutual hail insurance company have authority to waive a provision in its 'by-laws, embodied in a policy, fixing date of payment of loss, 'by denying liability under the policy.

Appeal from Circuit Court, Marshall County. Hon. FRANK McNULTY, Judge.

Action by Thomas Schultz against the Des Moines Mutual Hail Insurance Association, to recover upon a policy of hail insurance. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Hall, Alexander & Purdy,* for Appellant.

*Sherin & Sherin,* for Respondent.

(1) Under point one of the opinion, Appellant cited: Secs. 10, 18 and 20, Defendant's by-laws. That the notice was 'sufficient; and cited: 29 Cyc. 173; Hansen v. Supreme Lodge K. H., 29 N. E. 1121 (Ill.); Thibut v. Supreme Lodge K. H., 81 N. W. 220 (Minn.); Benedict v. Grand Lodge A. O. U. W., 51 N. W. 371 (Minn.). That Sec. 677, Civ. Code, is not a "general provision" within Sec. 685; and cited: Lamb v. Merchants Mutual Fire Ins. Co. (N. D.) 119 N. W. 1048; Sec. 1727, Iowa Annotated Code of 1887; Beeman v. Farmers Mutual Ins. Association, 73 N. W. 597.

Respondent cited: Civ. Code, Sec. 677, 685.

(4) Under point four of the opinion, Appellant cited: Irwin v. Insurance Company of North America, 116 Pac. 294 (Cal.); Stanford v. Gill, 6 N. D. 536, 72 N. W. 938.

(5) Under point five of the opinion, Appellant cited: Lamb v. Merchants, etc., Mutual Fire Ins. Co., 119 N. W. 1048 (N. D.), and authorities there cited.

Respondent cited: Norris v. Equitable Fire Ass., (S. D.) 102 N. W. 306.

GATES, J. In May, 1911, plaintiff made written application

to defendant for a policy of hail insurance, for the term of five crop years, upon his crops on a section of land; the amount of insurance aggregating $4,000. The defendant, as its name implies, is a mutual insurance association and is organized under the laws of the state of Iowa. The application contained the following obligation:

"For value received, I promised to pay to the Des Moines Mutual Hail & Cyclone Insurance Association, of Des Moines, Iowa, an annual premium of 6 per cent. on the face of my policy as follows: $...... on or before October first, 1911, and the same amount on or before October first each year thereafter during the life of this contract. Or such portion thereof as may be annually assessed by said association, with interest at 8 per cent. per annum, from date at the home office in Des Moines, Iowa, If paid when due no interest will be charged. This note is taken for insurance and is not negotiable. * * *"

The policy was issued. On September 15, 1911, a 5 per cent. assessment was made, and plaintiff was notified of such assessment. He did not pay the assessment, and never has done so. Section 14 of the by-laws incorporated in the policy provided:

"When an assessment is made the secretary shall immediately notify by mail each member of his share of assessment, giving a list of losses and the name of each member sustaining a loss, and the member shall upon receipt of such notice remit within fifteen days to the secretary the amount of his assessment. At the expiration of twenty days if any member fail to remit his share of the assessment, then the secretary shall mail to the said member a second notice. Should any member fail to pay such assessment within ten days after second notice, the secretary shall then mail a third notice to said member by registered mail, adding a penalty of ten per cent. of the original assessment. Should any member fail to pay his assessment within twenty days from date of first notice, he shall stand suspended, and this association will not be liable to him for any loss that may occur before such assessment be paid in full. * * *"

It appears that the officers of the company complied with this section, with the exception that plaintiff denied having received a list of losses for 1911. On July 22, 1912, plaintiff suffered a severe loss by hail upon the crops for that year. The

company was promptly notified  of the loss by the local agent. On July 23, 1912, the president of the company replied thereto as follows:

"Dear Sir: We have your letter of the 23d inst. reporting loss by hail under policy held by Thomas Schultz and on investigation we find that Mr. Schultz has not paid his 1911 assessment and therefore the company is not liable for the loss he claims."

On September 17, 1912, such president also wrote plaintiff's attorneys:

"* * * But the premiums on policies No. 29757, Thomas Schultz, * * * have not been paid neither have they given us a note extending the time of payment on said premium, therefore, they are not entitled to recover as to the damage they claim."

On September 16, 1912, plaintiff was assessed 6 per cent. for the year 1912, and was notified that he was owing:

"$233.20—1911 Assmt. Pe. & Int.
240.00—1912 Assmt."

This action was begun October 7, 1912. Paragraph 5 of defendant's answer was as follows:

"Said defendant, further answering, alleges that it is a mutual insurance corporation organized under the laws of the state of Iowa, and that losses covered by policies issued by defendant are payable only by assessments made upon the members of such corporation, and that the by-laws of said corporation were contained in, and formed a part of, the said policy of insurance issued by the defendant to the plaintiff, and that section 10 of said by-laws so contained in, and forming a part of, said policy, was in part as follows: 'All losses shall be adjusted and paid on or before the 1st day of December of the same year, or as soon thereafter as the assessments can be collected.' Whereby no cause of action for failure to adjust or pay any loss covered by the policy of insurance mentioned in the complaint accrued prior to the 1st day of December, 1912, whereby this action was prematurely brought, all of which the said defendant hereby pleads in abatement of this action."

The testimony offered tended to show a hail loss of $1,973. At the close of plaintiff's testimony, defendant moved for a directed verdict upon the ground specified in the above-recited paragraph of the answer, which motion was denied. At the close of

the testimony, defendant moved for a directed verdict upon the ground that, by the failure of plaintiff to pay the 1911 assessment, the policy was suspended and not in force at the time of the loss, which motion was denied. The plaintiff thereupon moved for a directed verdict for the sum of $1,973, with interest, which was granted, and verdict and judgment were accordingly entered. From the judgment and order denying a new trial, defendant appeals.

[1, 2] We shall first consider the question of suspension of the policy. Section 677, C. C., provides:

"No policy of insurance shall, by virtue of any condition, or provision thereof, be forfeited, suspended or impaired for nonpayment of any note or obligation taken for the premium or any, part thereof, unless the insurer shall, not less than thirty days prior to the maturity of such premium, note, or obligation, mail, postage prepaid to the assured at his usual post office, a notice stating:

"1. The date when such note or obligation will become due.

"2 The amount of principal and interest that will then be due.

"3 The effect upon the policy of non-payment.

"4. Such notice shall further inform the assured of his right, at his own election, either to pay in full and keep the policy in full force, or to terminate the insurance by surrendering the policy and paying such part of the whole permium as it shall have earned, and must further state the amount which assured is lawfully required to pay, or which, on account of previous payment, may be due him, in case of his election to terminate the insurance on the day of the maturity of the permium, note or obligation."

It appears that items 1 and 2 of said section were complied with by appellant in September, 1911, but that items 3 and 4 were not embraced in the notice or notices. It is appellant's contention that this section applies only to stock company policies and can have no application to the policies of mutual companies. The Supreme Court of our sister state, in Lamb v. Merch. Nat. Mut. F. I. Co., 18 N. D. 253, 119 N. W. 1048, held that section 5951, N. D. Rev. Codes 1905, was not applicable to a mutual insurance policy, saying that it—

"only applies where a note or obligation is given for the whole or a part of the premium, and has no bearing on this case."

That section is almost exactly the same as our section 677 C. C., but in the case before us, there was an obligation given which was specifically denominated by the insurer and insured as a "note." Again, section 678, C. C., provides:

"The term 'premium' within the meaning of this article, includes policy fees, in excess of two dollars, on any one policy, and all other sums of money paid, or agreed to be paid, in consideration of a policy of insurance."

There is great force in the reasoning of appellant's counsel to the effect that section 677, C. C., ought not to be held applicable to a policy of insurance in a mutual company, and, if we were free to adopt such reasoning, we would be inclined to do so, but we are not permitted so to do. In the face of an express legislative act defining the scope of section 677, C. C., we may not interpret it according to the "rule of reason." Section 685, C. C. says:

"The foregoing general provisions of this article shall apply to all insurance companies and associations, both stock and mutual, incorporated or organized under the laws of this or any other state or territory of the United States, or foreign government, transacting the business of fire, cyclone, tornado, hail, marine, live stock or any other kind of insurance upon property in this state."

Article 16, c. 3, tit. 2, pt. 3, of the Revised Civil Code of 1903, embraces sections 664-685, inclusive, and is headed "General Provisions." And it would seem clear, beyond doubt, that the Legislature, in adopting the Revised Civil Code of 1903, intended to make section 677 applicable even to cases of mutual insurance. In this connection we may observe that we are unable to find a provision in the North Dakota Code of 1905 similar to our section 685, C. C. If it was there, it was not noted in the opinion in Lamb v. Merch. Nat. Mut. F. I. Co., supra. That section originated in section 27, c. 69, Territorial Laws 1885. Such chapter did not contain a section corresponding to the present section 677, C. C. That section first appeared in chapter 69, Territorial Laws 1887; but when the Legislature of 1903 adopted the Revised Civil Code, as recommended by the Code Commissioners,

it expressly made the provisions of section 677 binding upon all mutual insurance companies. The wisdom or necessity of such act may not be made the basis of a decision by the courts. In Peever Merc. Co. v. State Mut. Fire Ins. Co., 25 S. D. 406, 127 N. W. 559, and Id., 23 S. D. 1, 119 N. W. 1008, 19 Ann. Cas. 1236, this court arrived at the same conclusion at which we have arrived upon this branch of the case, wherein it was held that, by reason of section 1796, C. C., the provisions of section 1849, C. C., were binding upon a mutual company.

[3] We are therefore compelled to hold that, inasmuch as respondent was not given the notice of assessment required by law, his policy of insurance was not, in point of law, suspended by reason of his nonpayment of his assessment, notwithstanding the provisions of the by-laws of the company. By-laws in conflict with express provisions of statute cannot be sustained. The law requires the officers of the company to give a certain kind of notice. They did not do so. If thy intended to suspend that policy, they should have given the notice pointed out in the statute. The fact that the policy was not suspended at the time of the loss, in 1912, was due to their negligence or ignorance of the provisions of our laws.

[4] Appellant's claim that the action was prematurely brought must likewise be held for naught. In the late case of Wondra v. Nat. Life Ins. Co., 126 Minn. 136, 147 N. W. 961, the Minnesota court said:

"The rule is well settled in this state, as elsewhere, that a provision of an insurance contract like that in this case, by which the insurance company is given a certain time within which to make payment of the loss, may be waived, and is waived, by the denial of liability by the company. Hand v. Insurance Co., 57 Minn. 519, 59 N. W. 538; 3 Notes to Minnesota Cases, 1170."

This rule is set forth in 4 Cooley's Briefs on Ins. pages 3959-3962, where a long list of authorities is cited. To these may be added the following, among many other decisions rendered since the publication of that work: Continental Casualty Co. v. Matthis, 150 Ky. 477, 150 S. W. 507; Clark Millinery Co. v. Nat. Union Fire Ins. Co., 160 N. C. 130, 75 S. E. 944, Ann. Cas. 1914C, 367; Miles v. Casualty Co. of America, 115 N. Y. Supp. 1, affirmed in 136 App. Div. 908, 120 N. Y. Supp. 1135. Such rule is practically

universally acknowledged, except in states, like Iowa, having statutory provisions which control.

[5] Appellant's claim that the officers of a mutual company are powerless to waive the provisions of the by-laws set forth in their answer, above quoted, is likewise without merit. Many of the decisions cited in Cooley's Briefs on Ins., supra, were cases involving mutual companies, and this court has decided the principle involved, in the cases: Schouweiler v. Merch. Mut. Ins. Ass'n, 11 S. D. 401, 78 N. W. 356; Norris v. Equitable Fire Ass'n, 19 S. D. 114, 102 N. W. 306; Bolte v. Equitable Fire Ass'n, 23 S. D. 240, 121 N. W. 773.

The other assignments of error contained in appellant's brief are not deemed of importance.

The judgment and order appealed from are affirmed.