THE SMALL AGENCY, INC. *v.* JOHN DUGAY

CIRCUIT COURT                                    EIGHTH CIRCUIT
                                          FILE NO. CV 8-668-4925

Memorandum filed October 31, 1967

*Robert C. Mirto,* of West Haven, for the plaintiff.

*Marshall A. Deutsch,* of New Haven, for the defendant.

WISE, J. In this action, plaintiff seeks to recover from the defendant an alleged balance due for premiums for various insurance policies.

On or about August 1, 1963, the defendant ordered and received from the plaintiff a comprehensive liability policy for the term of one year from August 1, 1963. For some reason, not fully explained, this policy was canceled during its term. In its place, the plaintiff issued another policy and forwarded the same to the defendant, together with a bill for the premium. This new policy included more coverage than that listed in the canceled policy, and the premium was in excess of that of the canceled policy. The parties had had dealings concerning insurance policies with each other since 1962. From that date through 1966 at various times, the plaintiff issued

a number of liability and workmen's compensation types of insurance policies for the defendant and forwarded each policy to the defendant, together with a bill for the premium. In January, and again in July of 1966, audits were made on two workmen's compensation policies, resulting in additional premiums, for which bills were sent to defendant.

The defendant does not deny he received each policy, but by his own admission testified he never looked at or checked each policy as he received it, but simply put it in a drawer. The court finds as a fact that the premiums charged to the defendant for the coverage of each policy issued were the same as charged by the respective insurance company. The plaintiff paid the premium due on each policy to the company issuing it. During the entire period of time in which the parties had dealings with each other, the defendant never instructed the plaintiff not to renew or issue any of the policies involved, nor questioned the amount of any of the premium bills. On the contrary, he paid the plaintiff on account of his indebtedness the sum of $1000, as follows: $200 in May, 1964; $200 in August, 1964; $200 in March, 1965; $400 in September, 1965. The defendant's sole contention is that, on the basis of the premium for the policy issued on August 1, 1963, the premiums for each of the additional policies should have been in the same amount, and therefore in the mind of the defendant the $1000 he paid should represent either full payment or substantially full payment to the plaintiff. This contention is as unrealistic as it is unsound. It does not take into account the different coverages and premiums of the various policies and is not in accord with the factual situation.

The instant case presents a familiar and frequent situation where, in accordance with prior dealings between the parties, the agent writes and delivers

a policy to his customer prior to the expiration date and bills him for the premium, upon the assumption that in the absence of notice to the contrary the policy will be accepted and the premium paid as in the past. Here, failure of the customer to notify the agent to the contrary will signify the customer's implied acceptance of the policy and his promise to pay the premium within a reasonable time. However, the doctrine that in view of a general custom among insurance agents to renew the insurance of their policyholders without request, a failure by the insured to reject the renewal is tantamount to its acceptance may not be availed of unless the custom is established and it is shown that the party relying thereon knew of it, and there had been a course of dealings between the parties from which it could be implied that the policyholder's silence or failure to reject the offer would be regarded as an acceptance. 29 Am. Jur., Insurance, § 358.

Applying these principles to the instant case, it is clear that there was an acceptance by the defendant of the policies involved. There was a course of dealings between the parties for approximately four years, during which period many policies were issued and delivered to the defendant, together with bills for the premiums. The defendant accepted each policy, did not return any of the policies, did not communicate with the plaintiff concerning cancelation of any policy, and did not question the issuance of any policy; and significantly, he paid $1000 on account of his indebtedness for the policies. There was nothing in the conduct on the part of the defendant to lead plaintiff to believe that the policies would not be accepted. Under the factual situation, the court concludes that the retention of each policy by the defendant was in legal effect an acceptance of the policy and thereby created a binding contract between the plaintiff and the defendant as to each

policy. *Epstein* v. *Northwestern National Ins. Co.,* 267 Mass. 571; *Standard Casualty Co.* v. *Boyd,* 75 S.D. 617; *Peever Mercantile Co.* v. *State Mutual Fire Assn.,* 23 S.D. 1; *Boone* v. *Standard Accident Ins. Co.,* 192 Va. 672; 29 Am. Jur., Insurance, § 358.

Although the substituted complaint alleged $1256.13 due, the plaintiff admitted that the defendant was entitled to a credit of $134, leaving a balance of $1122.13.

The issues are found in favor of the plaintiff.

Judgment may enter for the plaintiff to recover from defendant $1122.13 plus costs.