[Sac. No. 619.   In Bank. — February 27, 1901.]

## MARY G. PALMER et al., Respondents, v. CONTINENTAL INSURANCE COMPANY OF NEW YORK, Appellant.

FIRE INSURANCE — FIRST PREMIUM — ACKNOWLEDGMENT OF PAYMENT IN POLICY — CONCLUSIVENESS — NOTE FOR PREMIUM — LAPSE OF POLICY — ESTOPPEL. — The acknowledgment of receipt of payment of the first premium, contained in a policy of fire insurance delivered to the insured, without any statement of credit or of note given for the premium, is conclusive of the fact of payment, so far as to make the policy binding; and the insurance company is estopped from showing, for the purpose of defeating the policy, that a note was given for the first premium, which was not paid at the time of loss, and that the policy lapsed by the terms of such note.

ID. — CONSTRUCTION OF CODE — STIPULATION IN POLICY. — Section 2598 of the Civil Code, which declares that "an acknowledgment, in a policy, of the receipt of premium is conclusive evidence of payment, so far as to make the policy binding, notwithstanding any stipulation therein that it shall not be binding until the premium is actually paid," is not to be construed as limited to a stipulation in that specific language, but extends to any stipulation which is intended to have that effect.

ID. — WAIVER OF FORFEITURE UNDER TERMS OF NOTE — RETENTION AFTER DEFAULT. — A condition of forfeiture of the policy, contained in a note given for a premium, is for the benefit of the insurer, and such condition is waived, and is not available to defeat the policy, if payment of the note is not demanded at maturity, and it is retained as a binding obligation, with the right to collect it if no loss should occur during the life of the policy; and in such case the insurer cannot refuse to pay a loss which occurred before the payment of the note.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial.   Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

Frank H. Gould, and James L. Robison, for Appellant.

Section 2598 of the Civil Code was only intended to reach the case therein specified, where the policy contains a stipulation that it "should not be binding until the premium is actually paid." That does not cover the stipulation here involved. The note having been given for the premium, containing the same stipulation contained in the policy, payment must be made before loss, to warrant a recovery. (Joyce on Insurance, secs. 1204, 1205, 1209; *Continental Ins. Co.* v. *Dorman*, 125 Ind. 189; *Gorton* v. *Dodge County etc. Ins. Co.*, 39 Wis. 121; *Williams* v. *Albany City Ins. Co.*, 19 Mich. 451;[1] *Wall* v. *Home Ins. Co.*, 36 N. Y. 157; *Robinson* v. *Continental Ins. Co.*, 76 Mich. 641; *Shultz* v. *Hawkeye Ins. Co.*, 42 Iowa, 239; *Continental Ins. Co.* v. *Daly*, 33 Kan. 601; *Continental Ins. Co.* v. *Boykin*, 25 S. C. 323; *Phœnix Ins. Co.* v. *Bachelder*, 32 Neb. 490.[2])

Louttit & Middlecoff, for Respondents.

The acknowledgment of payment was conclusive. (Civ. Code, sec. 2598; Joyce on Insurance, sec. 86; *Illinois Central Ins. Co.* v. *Wolfe*, 37 Ill. 354;[3] *Goit* v. *National etc. Ins. Co.*, 25 Barb. 189; *New York Central Ins. Co.* v. *National etc. Co.*, 20 Barb. 468; *Farnum* v. *Phœnix Ins. Co.*, 83 Cal. 255;[4] *Basch* v. *Humboldt etc. Co.*, 35 N. J. L. 429; *Kline* v. *National Benefit Association*, 111 Ind. 462.[5]) The stipulation in the policy as to payment of notes only refers to the future installment notes for premium, other than the first payment acknowledged. (*New England Mut. Ins. Co.* v. *Hasbrook*, 32 Ind. 447, 449.)

HARRISON, J.— Action upon a policy of fire insurance.

The defendant issued its policy of insurance to the plaintiffs against loss by fire, for the term of five years from the twenty-seventh day of May, 1897, until the twenty-seventh day of May, 1902. The policy was signed by its officers at New York, but contained a provision that it should not be binding until countersigned by its general manager at Chicago. It was so countersigned, bearing date June 7, 1897, and was thereafter delivered to the plaintiffs. It recites that it is executed "in consid-

---

[1] 2 Am. Rep. 95.           [4] 17 Am. St. Rep. 233.
[2] 29 Am. St. Rep. 443.      [5] 60 Am. Rep. 703, and note.
[3] 87 Am. Dec. 251.

eration of twelve dollars paid, and the payment of installments when due, on an installment note for forty-eight dollars, due as follows: twelve dollars on the first days each of June, 1898, 1899, 1900, 1901." It also contains the following provision: "It is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any promissory note or obligation, or part thereof, given for the premium, remains past due and unpaid." The plaintiffs had made their application for the insurance to an agent of the defendant in California, on May 27th, and in consideration for such insurance and the policy therefor, executed on that day their promissory note to the defendant for the sum of $12.65, payable on or before the first day of October, 1897, and also the note for $48, recited in the policy. The note which was payable October 1, 1897, recited that it was the "first payment for policy of insurance based on application made this day to the Continental Insurance Company of New York." Each of the notes contained a recital, that in case of its non-payment at maturity, the company should not be liable for loss during such default, and that the policy for which the note was given should lapse until payment was made. A portion of the insured property was destroyed by fire, October 11, 1897, and at that time the note which was payable on October 1st had not been paid. A tender of its amount was made by the plaintiffs, October 15th, and was refused by the defendant. The present action was brought upon the policy, to recover the amount of the loss sustained by the fire. Judgment was rendered in favor of the plaintiffs, and the defendant has appealed.

By the recital in the policy that it was made "in consideration of twelve dollars *paid*," the defendant is estopped from showing, for the purpose of disputing the validity or binding effect of the policy, that such payment had not been made. Section 2598 of the Civil Code declares: "An acknowledgment, in a policy, of the receipt of premium is conclusive evidence of its payment, so far as to make the policy binding, notwithstanding any stipulation therein that it shall not be binding until the premium is actually paid." Such recital would not conclude the insurer, in an action upon the note, from showing that it had not been paid; but this provision of the code makes the recital conclusive evidence of its payment, "so far as to make the policy binding," notwithstanding any stipula-

tion in the policy to the contrary. Its effect is of the same character as the vendor's acknowledgment, in a conveyance of land, of the receipt of the purchase price. He is not thereby estopped from collecting the money from the vendee in case it is not in fact paid, but the transfer of title is not defeated by showing such non-payment.

The policy herein acknowledges the receipt of the twelve dollars, which, so far as the payment of premium is concerned, rendered the contract of insurance binding until the first day of June, 1898, and it is immaterial whether the plaintiffs made the payment in money or by giving their note therefor. The binding effect of the policy caused by this acknowledgment continued until another year's premium should fall due, unless in the mean time there should be some breach of condition by the insured, other than the payment of the first year's premium. The provision for forfeiture contained in the stipulation in the policy is limited to the non-payment of the promissory note referred to therein as thereafter to mature, and cannot apply to the non-payment of the note given for the premium, payment of which is acknowledged. If the defendant had given an indefinite credit to the plaintiffs,—that is, a credit generally,—without specifying the time at which the premium should be paid, its acknowledgment in the policy that it had been received would be conclusive against it in an action upon the policy. It is none the less conclusive because the time of credit is limited to sixty days, or for the reason that the agreement for credit is evidenced by a note. There is no statement in the policy that the twelve dollars was paid by a note, or that the plaintiffs had given their note therefor, and the conclusive effect created by the statute cannot be set aside by showing that a note was given. It was competent for the defendant to accept the note of the insured as payment of the premium, and it can no more dispute the binding effect of the policy by showing that the payment was made by a note which has not been paid, than it could if it had accepted their personal credit in lieu of money.

The condition as to forfeiture, which is contained in the note, in case it should not be paid at maturity, is not available to avoid the policy by showing such non-payment. (Joyce on Insurance, sec. 1211.) This provision in the note is for the benefit of the insurer, and it is not at liberty to retain the note, after its maturity, as a binding obligation against the insured,

with the right to collect it if no loss should occur during the life of the policy, or refuse to pay the loss if it should occur before the payment of the note. The insurer, in such a case, is bound to demand payment at the maturity of the note, and if not then paid, can exercise its option to declare the policy forfeited or to continue it in effect.

It is contended by the defendant that the note and policy are to be considered as parts of the same transaction, and are to be construed together, and that the proviso in the note is operative to defeat its liability upon the policy, notwithstanding the provisions of section 2598 of the Civil Code. Without determining whether the two instruments can be considered as parts of the same transaction,—the note having been made May 27th, and the policy not issued until after June 7th,—if it should be so conceded, the same conclusion would follow. If the two are construed as parts of the same instrument, the result would be, that the policy would acknowledge the receipt of payment of the first year's premium, and would contain a stipulation in two places, one in the note and one in the agreement for insurance, that the failure to pay the note should forfeit the policy. Section 2598 is sufficiently comprehensive to include as many stipulations therein referred to, and as many different forms of such stipulation, as the insurer may express in its policy. By inserting in the section the phrase, "notwithstanding *any* stipulation therein," the legislature intended to prevent the insurer, in any action upon the policy, from disputing its acknowledgment that it had received the payment. The section is not limited to a policy which contains a provision in specific language that it shall not be binding unless the premium has been "actually paid," but extends to any stipulation which is intended to have that effect.

The judgment and order are affirmed.

Garoutte, J.; Van Dyke, J., McFarland, J., and Temple, J., concurred.