LARSEN, Respondent, v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES, Appellant.

(217 N. W. 184.)

(File No. 6195. Opinion filed December 31, 1927.)

*Boyce, Warren & Fairbank,* of Sioux Falls, for Appellant.
*Null & Royhl,* of Huron, for Respondent.

SHERWOOD, J. On or about July 12, 1921, appellant issued its policy of insurance for $5,000 on the life of Carter Harrison Larsen. This policy was dated April 27, 1921, and apparently was intended to take effect on that date.

Larsen died September 17, 1921. Suit was brought on the policy. At the close of all the evidence the court granted plaintiff's motion for a directed verdict, and denied defendant's motion for judgment notwithstanding the verdict. From this judgment and an order denying a new trial defendant has appealed.

Paragraph 3 of the complaint alleges in substance: That on the 27th day of April, 1921, defendant, in consideration of the payment to it by Larsen of $44.05, and the payment of a like sum on the 18th day of July, October, January, and April, until 20 full years' premiums shall have been paid, or until the prior death of the insured, made and delivered to Larsen its policy of insurance, in which it agreed to pay Larsen's executors or administrators $5,000 on receipt of due proofs of death.

The answer admits each allegation in this paragraph. It also alleges such insurance was only to be paid, provided all premiums had been paid, and said policy was in force, and surrendered properly released upon the death of said Larsen.

The answer further alleges that a quarterly premium of $44.05 became due and payable under the provisions of said policy, July 18, 1921; notice of such premium was mailed to Larsen; but said premium has never been paid; and all rights of the insured under said policy lapsed prior to Larsen's death; and no contract of insurance was in force between plaintiff and defendant at the time

of Larsen's death. The record shows this policy was first sent out for delivery April 27, 1921. As originally sent out, the policy provided for the payment of annual premiums of $166.40. Afterwards, and on July 12, 1921, the policy was returned to defendant for change of payments to quarterly premiums of $44.05 each. Up to this time no premium had been paid on the policy, and there is no proof that it had been delivered to the plaintiff. The policy was then rewritten. As rewritten, it contained the following clause, which was endorsed by rubber stamp at the foot of, and on the first page of, the policy, and signed by the registrar of the Equitable Life Assurance Society:

"In lieu of the annual premiums due on this policy there shall be substituted quarterly premiums each of $44.05 including double indemnity and disability premiums, payable on each 18th day of April, July, October, and January.

"New York, July 12, 1921.

"H. W. Wetmore, Registrar."

For convenience we will hereafter call this clause (b).

The policy as rewritten, and containing clause (b) as a part thereof, was then delivered to insured, and the first quarterly premium of $44.05 paid.

The policy as originally sent out, and also as rewritten, contained the following provision, which will hereafter be referred to as clause (a):

"This insurance is granted in consideration of the payment in advance of one hundred sixty-six and 40/100 dollars and of the payment annually thereafter of a like sum upon each 18th day of April, until twenty full years' premiums shall have been paid, or until the prior death of the insured."

The important contention here is based upon the construction and effect to be given to clauses (a) and (b) above quoted. It will not be necessary to consider any other provisions of the policy, except to say: The policy contained the usual provision making it void on failure to pay premiums when due.

Respondent contends: First. This policy (referring to clause [a]) contains an acknowledgment of the payment of the first year's premium. This acknowledgment is conclusive; and nonpayment of the first year's premium cannot be shown by the insurer. Second.

This policy having been received in evidence, and being undisputed, the pleadings will be deemed amended to conform to the proof.

Respondent's first contention is based on section 1421, R. C. 1919, which reads as follows:

"*Receipt in Policy.* An acknowledgment in a policy of the receipt of premium is conclusive evidence of its payment, so far as to make the policy binding, notwithstanding any stipulation therein that it shall not be binding until the premium is actually paid."

Appellant concedes respondent's first contention would be correct if the original provisions contained in clause (a) had not been changed by the agreement of the parties contained in clause (b). He says:

"Under the theory of the appellant in this case, the clause of the policy with respect to payment of premiums should read, and by written agreement of the parties herein did read:

" 'This insurance is granted in consideration of the payment in advance of $44.05, and of the payment quarterly thereafter of a like sum upon the 18th day of April, July, October, and January in each year until 20 full years' premiums shall have been paid, or until the prior death of the insured.' "

And further contends that the second quarterly payment due July 18th had not been paid, and by reason thereof the policy had lapsed, and was canceled before Larsen's death. Appellant argues, it is elementary that any contract may be amended, altered, modified, or canceled by mutual agreement, and the mutual agreement between the parties for quarterly payments instead of annual payments creates a situation different in a very material respect from any of the cases heretofore decided by this court, and takes this case from under the bar of section 1421, supra.

It should be observed that section 1421, supra, does not apply to the intent of the parties or the construction the court may place upon the contract. It specifically says:

"An acknowledgment in a policy of the receipt of premium is conclusive evidence of its payment, so far as to make the policy binding."

The statute applies whenever the policy acknowledges "the receipt of premium." This court has repeatedly held: Recitals similar to those contained in clause (a) clearly acknowledge receipt

of the first premium. Noble v. Kan. City Life Ins. Co., 33 S. D. 458, 146 N. W. 606; Peever Merc. Co. v. State Mut. Fire Ass'n, 23 S. D. 1, 119 N. W. 1008, 19 Ann. Cas. 1236; Id., 25 S. D. 406, 127 N. W. 559, 31 L. R. A. (N. S.) 746, Ann. Cas. 1912B, 928; Schumacher v. North American Life Ins. Co., 41 S. D. 178, 169 N. W. 526.

In Noble v. Kan. City Life Ins. Co. and Schumacher v. North American Life Ins. Co., supra, we held in effect that, under this statute, such policy continued binding during the entire period specified in the acknowledgment. To the same effect is Palmer v. Continental Ins. Co. of N. Y., 132 Cal. 68, 64 P. 97, decided under a statute identical with our section 1421, supra. We still hold these views.

This brings the policy squarely under the provisions of the first clause of section 1421 above quoted, unless the last clause of the section, together with clause (b) removes it from the effect of the statute.

Section 1421 was evidently enacted to prevent any insurance company which had once acknowledged in its policy the payment of a premium for a given period from using any other provisions in the policy to nullify, or limit the effect of such receipt. In other words, the insurer could not change the position he had assumed in his receipt to the detriment of the insured by the use of any other agreement or stipulation contained in the policy. Clause (b) denied the premium had been paid for a longer period than three months. It also made another premium of $44.05, due in 90 days after the receipt was given, instead of one year, as provided in the receipt. By another clause in the policy, failure to pay this premium when due forfeited the policy.

It needs no argument to show that these other provisions in the policy, if allowed to prevail over the receipt, would render the policy void, because the premium due July 18th was not "actually paid." This is the very evil the last part of this section was intended to prevent.

The receipt was conclusive evidence of payment, and the policy was to remain binding during the period specified in the receipt, "so far as to make the policy binding notwithstanding any stipulation therein that it shall not be binding until the premium is actually paid." In other words, any other agreement in the policy

which would render it "not binding" during that period, unless another premium was "actually paid," is conclusively barred from consideration by this statute. It is evident, therefore, that both clause (b) and clause (a) come within the provisions of the statute.

We now say, as we said in Schumacher v. Life Ins. Co., supra: To hold in this case that the secondary condition (provision for forfeiture in case of failure to pay when due the quarterly premium of July 18th) thereupon came into operation would plainly violate section 1421, supra.

It is true, as appellant contends, that plaintiff brought this action under a contract of insurance which he alleged took effect on the payment of a premium of $44.05 and the agreement to pay quarterly thereafter the sum of $44.05 on the 18th day of July, October, and January. However, the policy of insurance was admitted in evidence without objection. No motion was made to dismiss the action because of variance between the pleadings and the proof. No objection was made to the pleading or to the variance at the trial or on the motion for a new trial. And we think it is only indirectly raised here. No one appears to have been misled as to the real issues by the allegations in the complaint.

Appellant says in his argument there are but two real questions presented by the record: First. "The effect of the recital in the policy of insurance of the payment of the initial premium?" Second. Did the notice sent out by the company waive the default in payment of premium?

There is no suggestion that more or different proof could be produced if the pleadings were altered to present the issues now before us. We think appellant's objection on the ground of variance comes too late.

What we have said makes it unnecessary to discuss the question of waiver raised in the briefs. We have considered each of the other assignments of error, and find them without merit.

The judgment and order of the trial court are affirmed.

POLLEY and BURCH, JJ., concur.

CAMPBELL, P. J., concurs in result.

BROWN, J. (dissenting). The policy, as originally written, provided for the payment of premiums annually. Before it was delivered, and at the request of the insured, it was returned to the

company to be changed so as to provide for the payment of premiums quarterly. It is not clear from the record whether the policy was entirely rewritten or whether the change as to the manner of premium payments was made by adding to the original policy the provision for quarterly payments, but, if a new policy, it was in all respects identical with the original one, with the added provision at the foot of the policy, signed by an authorized officer of the insurance company. This provision reads as follows:

"In lieu of the annual premiums due on this policy, there shall be substituted quarterly premiums of $44.05, including double indemnity and disability premiums, payable on each 18th day of April, July, October, and January."

When the policy was first delivered to the insured, it contained this substitution made at his request. These quarterly payments by agreement of the parties were substituted for, and took the place of, the provision for annual premiums, so that the insurance contract, so far as it related to premiums in reality and in the contemplation of the parties, is in substance:

"This insurance is granted in consideration of the payment in advance of $44.05, and of the payment quarterly thereafter of a like sum upon each 18th day of April, July, October, and January, until twenty full years' premiums shall have been paid, or until the prior death of the insured."

As applied to this policy, the provisions of section 1421, R. C. 1919, mean that the acknowledgment of the receipt of the $44.05 is conclusive evidence that that amount has been paid, so that the policy, when delivered, would have been in force, although the first quarterly premium had not in fact been paid.

The failure of the insured to pay the July premium, which was due and delinquent at the time of his death on September 17th, caused the policy to lapse, and the judgment and order denying a new trial should be reversed.