LARSON, Respondent, v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES, Appellant.

(220 N. W. 466.)

(File No. 6195.   Opinion filed July 7, 1928.)

For former opinion, see 217 N. W. 184.

*Boyce, Warren & Fairbank,* of Sioux Falls, for Appellant.
*Null & Royhl,* of Huron, for Respondent.

SHERWOOD, J. ██ This cause is before us on rehearing. The original opinion will be found in 52 S. D. 264, 217 N. W. 184, to which reference is made for a statement of the facts in the case. A rehearing was granted on appellant's contention that the complaint stated a cause of action on a policy of life insurance providing for quartely payments. That respondent was bound by that allegation and cannot now be heard to say the policy in suit contained an acknowledgment of the payment of an annual premium, receipt of which appellant could not deny by any subsequent clause contained in its policy. It may be conceded that an admission made in the complaint cannot later be denied by plaintiff. The authorities cited by appellant do not apply to the facts in this case. Here there was no allegation in the complaint that the policy of insurance did not contain an acknowledgment of the receipt of the first year's premium.

When the policy was received in evidence it showed the acknowledgment of such a receipt. The appellant drew the policy of insurance and placed that acknowledgment therein. Appellant sought to change the effect of the acknowledgment by inserting at the foot of the policy a stipulation which would render the policy not binding unless a second premium was paid within the year for which he had acknowledged payment of the full premium; in other words, when the policy was received in evidence it contained an acknowledgment or a receipt for a year's premium. It also contained a subsequent clause which would make the policy void three months after its issue, if another quarterly premium was not paid. Section 1421, R. C. 1919, declared what the effect of such an acknowledgment and such a subsequent stipulation should be.

Section 1421, R. C. 1919, is both a rule of evidence and a rule of construction applicable to all policies of insurance. If appellant

was misled it was by a clause in the policy placed there by itself. Respondent was not responsible for this acknowledgment or receipt remaining in the policy.

As before stated, respondent did not plead that an acknowledgment of a year's premium was not contained in the policy. He was not bound by his pleading not to take advantage of this provision in the policy.

Appellant contends a new trial should be granted to permit him to introduce additional evidence. No evidence appellant could offer could possibly remove this acknowledgment of the payment of one year's premium now contained in the policy or change the fact that by a subsequent stipulation in the policy it had attempted to make the policy void within the first year, providing the second quarterly installment was not paid.

It is doubtless true that substantially all the evidence offered other than the policy itself was largely directed to the alleged waiver also claimed by respondent, but this did not preclude respondent from taking advantage of an acknowledgment or receipt placed in the policy by appellant.

It is conceded that the effect of this acknowledgment or receipt was an issue before the trial court, and was presented and argued to the trial court on the motion for new trial, and it is one of the two questions presented to this court by the briefs on the appeal.

As this issue was before the trial court and was presented and argued on the motion for a new trial, we do not think a new trial should be granted on the ground that it was not the main issue presented or argued to the lower court. In our former opinion we said:

"It should be observed that section 1421, supra, does not apply to the intent of the parties or the construction the court may place upon the contract."

We desire to withdraw that statement from our opinion and substitute for it the statement heretofore made in this opinion as follows:

Section 1421, R. C. 1919, is both a rule of evidence and a rule of construction applicable to all policies of insurance.

With this modification the original opinion is adhered to.

POLLEY, J., concurs.

CAMPBELL, J., concurs in result.

BROWN, J., dissents.

BURCH, P. J. (concurring specially). I agree that the judgment should be affirmed. I do not agree with all that is said in Judge Sherwood's opinion as to the effect of section 1421, R. C. 1919, and its applicability to this case. As I understand it, appellant does not claim that the policy can be avoided by proof that the initial premium was not actually paid in the face of an acknowledgment of its payment in the policy. Appellant contends there is no such acknowledgment in the policy; that the acknowledgment originally in the policy was abrogated by a subsequent written indorsement on the policy, by which it was as effectually eliminated as if erased. I do not think there is anything in the statute or in the nature of such acknowledgment which prevents its being abrogated by a subsequent written indorsement, although there may be no erasure of such receipt. It seems quite obvious that the purpose of the statute was to prevent the issuance of a policy under an express or implied agreement that the premium may be later paid, and thereafter defeating a recovery because of a clause in the policy to the effect that the insurer shall not be bound unless the premium has actually been paid. By such method the insurer might play fast and loose. If there was no loss, the premium might be collected, although the insurance for which the premium was then paid had never been in force; if there was a loss, the insured would get nothing, although his promise to pay the premium was as legal a consideration for the insurer's promise to indemnify as would have been the actual payment of the premium. The object of the statute was to stop such double dealing; in other words, if insurance is sold on credit, it is as much insurance as if sold for cash. If an insurer delivers a policy apparently representing a cash transaction, it is estopped from showing that the transaction is not what it appears to be, but must be bound to the same extent as if the premium had been paid, notwithstanding an agreement that it shall not be bound. But I do not think that a receipt in a policy acknowledging payment of the premium goes further than this, and, if the premium is not paid at the time it was orally agreed or understood to be paid, there is nothing to hinder a cancellation of the policy for the sole reason that the premium was not paid. To meet appellant's contention we should consider whether or not the receipt in the policy originally delivered was abrogated by the later indorsement stamped upon it.

Appellant in its briefs states its theory to be that the policy after such indorsement should read, and by written agreement of the parties herein, did read:

"This insurance is granted in consideration of the payment in advance of forty-four and 5/100 dollars and of the payment quarterly thereafter of a like sum upon the eighteenth day of April, July, October, and January in each year until twenty full years' premiums shall have been paid, or until the prior death of insured."

If the stamped indorsement was in the language suggested by counsel, I am of the opinion it would have the effect of abrogating the earlier clause acknowledging the initial payment in the sum of $160.40 and the receipt would in fact be an acknowledgment of only $44.05. But that was not the indorsement; the indorsement was this:

"In lieu of the annual premiums due on this policy there shall be substituted quarterly premiums, each of forty-four and 5/100 dollars. * * *"

The clause actually indorsed makes no reference to the initial payment, but refers only to "annual premiums due on this policy" and provides they shall be submitted in quarterly payments.

The policy, as originally written, provided that the annual payments might be paid in quarterly or semiannual installments, subject to insurer's written approval. The stamped indorsement was no more than such approval. It is as appropriate and applicable for such consent to be indorsed on a policy 15 years after its issue as upon this policy. It is not appropriate to effect the change desired in this policy, because it purports to affect only payments due or to become due. That being the case, the receipt in the policy is for $160.40, unerased by any physical act or by an inconsistent later provision. Some apt language should have been used to show the modified initial payment, if that was intended. It could not be done by simply stamping the usual consent to installment payments applicable for use at any time during the life of the policy.

It seems to me that the only fair construction that can be placed upon the contract is that it was issued in consideration of an initial payment in cash of $160.40, with subsequent annual premiums to be paid, which by consent of the company have been changed to quarterly payments. I therefore concur in affirming the judgment of the trial court.