**NEW YORK LIFE INS. CO. v. GIST et al.**
No. 6879.

Circuit Court of Appeals, Ninth Circuit.
March 13, 1933.

Meserve, Mumper, Hughes & Robertson, of Los Angeles, Cal. (E. Avery Crary, of Los Angeles, Cal., of counsel), for appellant.

Clyde C. Shoemaker, of Los Angeles, Cal., for appellees.

Before WILBUR and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

This suit was brought by the appellant to cancel a life insurance policy for $10,000 with double indemnity in case of death by accident, issued by the appellant insurance company upon the life of Cecil W. Gist, in favor of his brothers, Brooks D. Gist and Herrold Gist, beneficiaries. The ground upon which the insurance company seeks to cancel the policy is that between the date of the application for the insurance and the delivery of the policy the insured consulted a physician, and that, when the policies were delivered to the insured, the company was ignorant of that fact. The application and medical examination were made on November 16, 1925, the policy was delivered and the first premium paid thereon on December 8, 1925, and the insured died on December 15, 1925. The application contained the following provision:

"It is mutually agreed as follows: 1. That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime, and then only if the applicant has not consulted or been treated by any physician since his medical examination; provided, however, that if the applicant, at the time of making this application, pays the agent in cash the full amount of the first premium for the insurance applied for in Questions 2 and 3 and so declares in this application and receives from the agent a receipt therefor on the receipt form which is attached hereto, and if the company, after medical examination and investigation, shall be satisfied that the applicant was, at the time of making this application, insurable and entitled under the company's rules and standards to the insurance, on the plan and for the amount applied for in Questions 2 and 3, at the company's published premium rate corresponding to the applicant's age, then said insurance shall take effect and be in force under and subject to the provisions of the policy applied for from and after the time this application is made, whether the policy be delivered to and received by the applicant or not."

The appellees denied the fact of consultation, and alleged that, if the deceased did in fact consult with, or was treated by, any physician after his medical examination and before delivery of the policy, "that the same related to some feeling of trivial or slight discomfort or temporary indisposition not affecting the general health of said applicant, that the same did not relate to any matter of substantial nature and did not constitute a consultation or a treatment within the meaning" of the application. The beneficiaries under the policy in addition to their answer above referred to filed a cross-bill to recover upon the policy in question, alleging accidental death and praying for $20,000, double indemnity, with 7 per cent. interest from the date of death, December 15, 1925. The court entered a decree in favor of the defendants and cross-complainants as prayed for, and denied appellant relief upon its bill.

The application for the policy provided that the insurance policy should be dated as of the date of the application (November 16, 1925), in order that the premium paid should conform to the age of the applicant at that time rather than at any later date.

The appellees contend that, inasmuch as the policy here in question contained the recital that the premium had been paid on the 16th of November, 1925, the company thereby waived the condition precedent with

reference to the consultation with or treatment by physicians subsequent to that date, and that the issuance of the policy with this recital by the officers of the company at its head office in New York, and the mailing of the policy to the agent at Tulare, Cal., for delivery by that agent to the insured, was a constructive delivery at the time of such subscription and mailing on November 30, 1925, and made the policy effective from the date thereon; namely, November 16, 1925. This argument is predicated in large part on the law of California (section 2598 Cal. Civ. Code), which expressly provides that: "An acknowledgment in a policy of the receipt of premium is conclusive evidence of its payment so far as to make the policy binding, notwithstanding any stipulation therein that it shall not be binding until the premium is actually paid." 

If the insured had actually paid the premium on the policy in advance and obtained at that time the proper receipt therefor in accordance with the provision in the application above quoted, the insurance policy would have been effective on the date the application was approved and the policy signed by the proper officers at the head office of the insurer, and would relate back to the date contained in the policy. Under the terms of the application, which is a part of the insurance contract, this would constitute an express waiver by the insurance company of the provision rendering the policy ineffective if the applicant consulted a physician between the time of his application for insurance and the delivery of the policy. 32 C. J. 1101; Schwartz v. Northern Life Ins. Co. (C. C. A.) 25 F.(2d) 555; Vierra v. N. Y. Life Ins. Co., 119 Cal. App. 352, 6 P.(2d) 349. At the time of the application in the case at bar, however, the insured was undecided as to whether he and each of his brothers would take policies for $10,000 on their respective lives in favor of the other two brothers, or whether he would participate in a policy for $30,000 upon the joint lives of himself and his two brothers who were partners. The insurance company made out both types of policies, and forwarded them to the insured upon receipt of which the insured was to decide which one he would take and pay the premium thereon. From this it is clear that there was no intention either upon the part of the insurance company or the insured that the policy should be effective until the insured had made his choice and the policy was delivered to him. As was said in Bowen v. Prudential Life Ins. Co., 178 Mich. 63, 144 N. W. 543, 545, 51 L. R. A. (N. S.) 587:

"A contract of insurance rests upon and is controlled by the same principles of law applicable to any other contract. What the contracting parties intended, mutually agreed to, and their minds met upon, is the measure of their obligations. They could agree that the policy, though approved and executed, should have no effect until delivered, or till a certain time had arrived, or until some other condition had been performed, and when this is established the courts have no authority to make the contract binding upon either party contrary to their intention and the terms of their express agreement."

The preparation of the policy with a view to its delivery in a form which acknowledged receipt of a premium which had not yet been received was a mere preparation for the contract which was to be consummated at the time of the delivery of the policy to the insured and his acceptance thereof. While it is true that section 2598 of the Civil Code of California entered into and became a part of the contract of insurance [Ætna Life Ins. Co. v. Geher (C. C. A. 9) 50 F.(2d) 657], that section merely provides that, by a recital in the policy that the premium has been paid, the insurance company is estopped to deny the payment so as to make the policy ineffective for nonpayment of premium. Evidently the statute is directed to the situation where the premium is taken care of by a note or some other credit arrangement, so that the premium has not been paid in the literal sense, since the company has not received the money therefor. This statute prevents the insurance company from taking advantage of the provision in the policy that it shall not become effective until the premium is actually paid, as has sometimes been attempted in such cases. Palmer v. Continental Ins. Co., 132 Cal. 68, 71, 64 P. 97; Vierra v. N. Y. Life Ins. Co., 119 Cal. App. 352, 6 P.(2d) 349, supra; Masson v. New England M. L. Ins. Co., 85 Cal. App. 633, 260 P. 367.

With the exception of dates and amounts and nature of the illness, the situation presented here is identical with that involved in the case of Subar v. N. Y. Life Ins. Co., 60 F.(2d) 239, 240, decided by the Circuit Court of Appeals for the Sixth Circuit. That action was brought upon the policies, and the company defended upon the ground that the insured had consulted with a physician between the date of his application and medical examination and the date on which policies were delivered. Between those dates the insured had consulted a physician "who took his medical history; that he complained of his heart, pains in his left shoulder and

through his chest, of being weak and nervous, of shortness of breath, and of having considerable gas in his abdomen."

The court held that this consultation with a physician before the delivery of the policies operated to prevent the policies from taking effect. The trial court in the case at bar found it to be a fact that: "Prior to the time of the manual delivery of said policy of insurance, Cecil W. Gist had consulted and been treated by a physician three times since November 16th, 1925. Two of these incidents occurred on December 7th, 1925, and the third on the following day, prior to 'the time that the policy was actually delivered."

The appellees seek to sustain the decree in their favor on the ground it was alleged in their answer that there was no consultation of the physician within the meaning of the application, for the reason that the consultation was about a slight or temporary indisposition, citing Cooley's Briefs on Ins., vol. 4, p. 3394, Id. vol. 8433; Couch's Encyc. of Ins. Law, p. 3018, § 889; Goff v. Mutual Life Ins. Co., 131 La. 98, 59 So. 28; Bankers' Life Co. v. Hollister (C. C. A.) 33 F.(2d) 72; Pac. Mut. Life Ins. Co. v. Cunningham (D. C.) 54 F.(2d) 927; Connecticut Mut. Life Ins. Co. v. Union Trust Co., 112 U. S. 250, 258, 5 S. Ct. 119, 28 L. Ed. 708; Mutual Reserve Life Ins. Co. v. Dobler (C. C. A.) 137 F. 550, 556, and many other similar cases. In Wharton v. Ætna Life Ins. Co. (C. C. A.) 48 F.(2d) 37, 43, the rule was stated as follows: "An applicant for insurance is not required, nor indeed expected, to disclose the fact of consulting a physician for slight or temporary ailments such as an ordinary cold, inability to sleep, constipation, headache, or the like."

These cases, however, all related to a question of whether or not the applicant for insurance has secured his policy by misrepresentation or fraudulent concealment by reason of having omitted to state, in response to a question as to whether or not he had consulted physicians, the fact that he had consulted a physician for a slight temporary ailment during the period covered by the representations or warranties, as the case may be. The question involved in all these cases is, whether or not, before the application, the applicant had consulted a physician within the meaning of that term as used in the application. There is good reason for holding an applicant to a stricter rule with reference to his consultation with a physician between the date of his medical examination and the date of the issuance of the policy because of its close proximity to the date on which the insurance is to become effective, at which time the insurance company assumes, on the basis of applicant's medical examination, that he is in good health.

In the case at bar the trial court expressly found that the deceased consulted a physician, and the question for our consideration is as to whether or not the evidence sustains this finding. We cannot say that evidence that the applicant had consulted a physician because of pains in his side, which prevented him from working and which were aggravated by deep breathing or coughing, and because of frequent spells of nausea, where he had been advised by the physician that he had not completely recovered at the time of the delivery of the policy, is not a sufficient justification for the finding of the trial court that the applicant had consulted a physician within the meaning of the term as used in the application. In the absence of any agreement on the subject whatever, he was bound as a matter of good faith to inform the company of any material change in his condition of health, and any failure so to do would be a breach of good faith. Stipcich v. Met. Life Ins. Co., 277 U. S. 311, 48 S. Ct. 512, 72 L. Ed. 895. Whether the illness in the case at bar was sufficient to come within the rule announced by the Supreme Court in the case of Stipcich v. Met. Life Ins. Co., supra, is not involved here, and we need go no further than to hold that the finding of the trial court that the decedent consulted a physician is sustained by the evidence.

As we have pointed out above, the trial court was in error in holding that the policy of insurance became effective as of November 16, 1925, and, consequently, its conclusion that the consultations and treatments by the physician were immaterial is also erroneous. On the contrary, said consultations and treatments prevented the policy of insurance from becoming effective at all under the express terms of the application. Subar v. N. Y. Life Ins. Co., supra; Hurt v. N. Y. Life Ins. Co. (C. C. A. 10) 51 F.(2d) 936; N. Y. Life Ins. Co. v. Watkin, 229 App. Div. 211, 241 N. Y. S. 441; Jones v. N. Y. Life Ins. Co., 69 Utah, 172, 253 P. 200.

Decree reversed, and the trial court directed to enter a decree canceling the policy and ordering the return of the premium paid.