## JEFFERSON STANDARD LIFE INS. CO. v. MUNTHE.

### No. 7644.

Circuit Court of Appeals, Ninth Circuit.
June 17, 1935.

Francis V. Keesling, C. A. S. Frost, and Garton D. Keyston, all of San Francisco, Cal., for appellant.

Carroll S. Bucher, of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

This action was brought to recover on a life insurance policy dated March 7, 1929, in the sum of $3,500 alleged to have been issued by the appellant insurance company upon the life of Dorothy Larsson Munthe in which appellee, insured's husband, was named beneficiary. The case was tried before a jury and judgment was entered upon the verdict in favor of plaintiff. Defendant appeals.

The insured became ill on the day the policy was dated and died three days later, March 10, 1929. The policy was mailed from Greensboro, N. C., to appellant's general agent and was in the mail at the time of the death of the insured in San Francisco, Cal., being received by the general agent of the appellant company at San Francisco after the death of the insured. The principal question involved in the case is as to whether or not the policy had become effective by delivery.

The application for the policy contained the usual provision: "That the company shall incur no liability under this application (unless properly executed conditional receipt bearing the same number as this application has been delivered to me and then only subject to its provisions) unless and until (a) it has been received and approved, (b) the policy issued and actually delivered and (c) the premium has been actually paid to and accepted by the company, or its authorized agent, all during my lifetime and while I am in good health."

The policy was never physically delivered to, nor did it come into the possession of, the appellee or the insured, nor was the premium paid unless it be held to have been paid by reason of the loan transaction to which we will hereinafter refer. The policy contained the usual recital of the payment of the premium, and it is conceded that if the policy had been delivered this recital would be binding upon the insurance company under the provisions of the California Civil Code, § 2598. In the absence of delivery, however, this recital would not be binding. See New York Life Ins. Co. v. Gist (C. C. A.) 63 F. (2d) 732; Mutual Life Ins. Co. of New York v. Frey (C. C. A.) 71 F.(2d) 259.

The appellee's contention is that the execution of the policy by the officers of the company at the home office in Greensboro, N. C., and the mailing of it to its general agent in San Francisco was a delivery of the policy. The policy was applied for on March 2, 1929, in connection with the application by the appellee for a loan for the same amount ($3,500) upon certain real estate owned by him in the county of Alameda, state of California.

It appears from the undisputed evidence that it was a part of appellant's mortgage loan plan to require the taking out of a policy of life insurance in a sum equal to that of the loan and an assignment of the policy to appellant as additional security for the loan. The application of appellee for the loan was dated December 29, 1928, and was approved by appellant for $3,500. Appellee and his wife, the insured, had signed a deed of trust to appellee's real property to secure repayment of the loan and had also signed a promissory note in the sum of $3,500, which documents were left with the Title Insurance & Guaranty Company of San Francisco, which company was handling the loan transaction. The deed of trust was duly recorded and a copy of the deed of trust together with the original note and a copy of the title insurance policy proposed to be issued by the title company to the appellant were sent on February 16, 1929, by the Title Company to appellant's home office in Greensboro, N. C., for its approval. In the letter of transmittal the Title Company requested that the loan funds be forwarded with instructions. On March 8, 1929, the day after the policy was dated, appellant forwarded its check for $3,500, payable to appellee and the insured, to the Title Company in San Francisco with instructions to the Title Company concerning the transaction. By these instructions the Title Company was directed to issue a policy of title insurance covering appellee's real property; to secure a certified check for $84.49 which covers the annual gross premium on life policy 360,321 (the policy herein involved) and deliver the same to the office of ap-

pellant's general agent in San Francisco; to secure from appellee and the insured an assignment of the life insurance policy to the appellant on forms inclosed with the instructions and to forward the assignment together with the life insurance policy to the home office of appellant; and to attach to the fire insurance policies covering appellee's property securing the loan appellant's standard mortgage clauses signed by the agents of the issuing company. Upon fulfilling these requirements the Title Company was authorized to disburse the loan funds. The evidence shows that the usual procedure in such case was for the Title Company, as escrow holder, to procure the signature of the person securing the loan endorsing the check which was made out in his name as payee for the full amount of the loan and for the Title Company then to deduct the amount of the premium payable for the life insurance policy and forward the same to the office of appellant's general agent in San Francisco and thereafter to disburse the balance of the loan as directed by the borrower. It also appears that this procedure was contemplated in this instance.

It is clear from the evidence that the delivery of the policy and consummation of the loan was to be one transaction to be finally consummated in the office of the Title Company when authorized by the appellant as heretofore stated. This consummation never occurred by reason of the death of the insured prior to the receipt of the life insurance policy in San Francisco. The mailing of the policy to appellant's agent in San Francisco was not for the sole purpose of delivery to the insured, but rather was to be delivered by the general agent to the Title Company as escrow holder in the transaction. Therefore, the mere execution of the policy by the officers of appellant company and the mailing of the policy to its general agent in San Francisco did not constitute a delivery of the policy so as to make it effective from that time. Nor did the execution of the note by appellee and the insured constitute a payment of the premium on the policy and was not intended to do so. The payment of the premium was to be made from the funds derived from the loan by the appellant company to appellee. If the parties had intended the life insurance policy to become effective immediately, that result could have been accomplished by the issuance of a conditional receipt.

Such a receipt was neither issued nor requested.

The transaction never having been consummated and the policy of insurance consequently not having become effective during the lifetime of the insured, appellant's motion for a directed verdict should have been granted.

Judgment reversed.