MOFRAD et al. v. NEW YORK LIFE
INS. CO.

No. 4605.

United States Court of Appeals
Tenth Circuit.

Sept. 1, 1953.

492

Jackson B. Howard, Provo, Utah, and K. Jay Holdsworth, Salt Lake City, Utah, for appellants.

George A. Critchlow, Salt Lake City, Utah, for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Appellants appeal from a judgment for the appellee insurance company on a directed verdict. The facts are practically undisputed and the sole question is whether appellee entered into a contract to insure the life of appellants' son.

At the solicitation of appellee's agent, Abolfazl Mohassel Mofrad, a native of Iran attending Brigham Young University in Provo, Utah, made application for a life insurance policy in the amount of $9,000.00 with double indemnity for accidental death. This application dated November 18, 1948, contained the following pertinent provisions of agreement between the parties:

"It is mutually agreed as follows: 1. That the insurance hereby applied for shall not go into force unless and until the policy is delivered to and received by the Applicant and the first premium thereon paid in full during his lifetime, and then only if the Applicant has not consulted or been treated by any physician or practitioner since his medical examination, or since the time of making this application if no medical examination is made, and thereupon the policy shall be deemed to have taken effect as of the date specified under 3 above; provided, however, that if the Applicant, at the time of making this application, pays the soliciting agent in cash the full amount of the first premium for the insurance hereby applied for, and so declares in this application and receives from the soliciting agent a receipt therefor on the form attached as a coupon to this application and corresponding in date and number hereto, and if the Company, after investigation and such medical examination, if any, as it may require, shall be satisfied that the Applicant, at the time of making this application, was insurable and entitled under the Company's rules and standards to the insurance, on the plan and for the amount hereby applied for, at the Company's published premium rate corresponding to the Applicant's age, then said insurance shall take effect and be in force under and subject to the provisions of the policy applied for from and after the time this application is made, whether the policy be delivered to and received by the Applicant or not."

Part 3 of the application referred to in the agreement provided that the policy should be written to take effect as of the date of the application. Upon signing the application, the applicant paid the agent an amount requested as the first monthly premium, and the agent delivered the coupon receipt to the applicant. This receipt also contained the quoted agreement between the parties and stated that the company was bound under the terms thereof.

The agent, who was new with the company and not sure of the procedure in taking applications, also filled in the non-medical portion, not remembering that, according to his rate book, such policies could be written only up to a maximum amount of $5,000.00 for an applicant of Mofrad's age. But the agent advised Mofrad he would have to take a physical and in fact made several appointments with authorized physicians for Mofrad. Mofrad never had a physical examination apparently due to the press of personal matters. After the company received the application with the premium, and noted the amount of insurance being requested, they reminded the agent that non-medical policies could be written for not to exceed $5,000.00 and advised the

agent to have Mofrad take a physical. The agent replied that an appointment had been made.

Mofrad died December 4, 1948 as a result of injuries sustained in an automobile accident, and the appellants as beneficiaries named in the application seek to hold the company liable on the theory that the payment of the premium upon filing the application and the delivery of the receipt constituted an interim contract of insurance effective from the date of the application. Appellants contend that under the terms of the agreement considered in relation to Part 3 of the application, the only reasonable construction is that the company assumed the risk of insuring Mofrad from the date of the application under a so-called "binder receipt"; that otherwise the agreement is ambiguous; that the purpose of such agreement was to give the applicant the impression that the company had insured him from the date thereof upon payment of the full amount of the premium.

■■■ But, "A contract of insurance rests upon and is controlled by the same principles of law applicable to any other contract. What the contracting parties intended, mutually agreed to, and their minds met upon, is the measure of their obligations." Bowen v. Prudential Life Ins. Co., 178 Mich. 63, 144 N.W. 543, 545, 51 L.R.A., N.S., 587, as cited in New York Life Ins. Co. v. Gist, 9 Cir., 63 F.2d 732. And if the intentions of the parties are clear from an examination of the contractual documents, this court will not rewrite the contract. Bennett v. Preferred Acc. Ins. Co. of New York, 10 Cir., 1951, 192 F.2d 748; New York Life Ins. Co. v. Gist, supra.

■■■ The language of the application and of the receipt is definite and clear; the application bears the signature of the applicant and it must be presumed that he read the agreement and was aware of its contractual import. Certainly there is nothing in the evidence to indicate that he was misled.

■■■ And there are no provisions in the agreement which would lead to a conclusion that an interim contract was intended by the parties. There are other clearly prescribed conditions within the agreement than the payment of the premium and delivery of the receipt to the applicant, which lead only to the conclusion that the applicant was merely applying for a contract of insurance which could be consummated only upon the fulfilment of the conditions set out in the application. And where a policy application contains such conditions precedent, performance thereof is a prerequisite to the taking effect of insurance coverage. Hurt v. New York Life Ins. Co., 10 Cir., 1931, 51 F.2d 936.

■ The first part of the agreement gave notice to the applicant that the insurance applied for would not go into force until and unless the policy was delivered to and received by the applicant, and further if the applicant had not consulted or been treated by a physician or practitioner since his medical examination or since the date of the application, if no medical is required, in addition to the payment of the first premium during his lifetime. Upon meeting all of these conditions the policy would then be made effective as of the date indicated under Part 3 of the application.

Then follows a proviso in the agreement which makes the insurance contract in force even before delivery and acceptance by the applicant, provided he not only pays the first premium during his lifetime and so indicates in the application, but also meets the requirements of the company as to insurability under its rules and standards concerning the age of the applicant, the amount of insurance, and the plan he is applying for, and further after a medical examination, if required by the company.

Here the evidence is uncontroverted that the applicant never had a physical examination, after the agent had arranged for several appointments for him. And there is uncontroverted evidence to the effect that the company would not have accepted the applicant as an insurance risk because of his foreign nationality, even if all the other conditions precedent had been met.

But appellants argue that unless the insurance began on the date of the application, as specified in Part 3, the premium would cover a period during which the com-

pany did not assume the risk, and the insured would be paying for insurance for a period when he was not insured.

The application for the policy provided that the insurance policy should be dated as of the date of the application. "It was within the rights of, and was competent for, the parties to provide in the application under what conditions and at what time the policy should become effective and binding." Jones v. New York Life Ins. Co., 1927, 69 Utah 172, 253 P. 200, 202. The provisions in the application agreement do not fix the effective date of the insurance contract. They simply impose conditions precedent to the taking effect of the insurance coverage. Shira v. New York Life Ins. Co., 10 Cir., 1937, 90 F.2d 953. When read together they mean that the insurance coverage shall take effect only in the event the conditions precedent specified in the application are fulfilled, and then only as of the date of the application. Shira v. New York Life Ins. Co., supra.

The applicant may or may not pay his first premium at the time of making the application. If he does so, under the agreement, if he meets all other requirements, then should he die before delivery of the policy and acceptance by him, the beneficiaries would nevertheless receive the full amount of the policy. Oil Well Supply Co. v. New York Life Ins. Co., 1949, 214 La. 772, 38 So.2d 777.

Appellants seriously contend that the conduct of the company's agent, acting within the apparent scope of his authority, misled the applicant to cause him to believe he was covered by an interim contract of insurance from the date of the application, and as a result he did nothing to procure other insurance.

This contention is conclusively met by the absence of any evidence showing that the applicant was induced by any false or erroneous statements as to the meaning of any provisions in the application, or that he ever intended to apply for interim insurance. The evidence, on the other hand, shows that he was aware that he must comply with certain requirements of the company in relation to his insurance application.

We must conclude that the applicant failed to meet the required conditions precedent to the consummation of an insurance contract, and the judgment of the trial court is affirmed.