Elise I. CLIBORN, Appellant,

v.

The LINCOLN NATIONAL LIFE IN-SURANCE CO., a corporation, Appellee.

No. 7482.

United States Court of Appeals Tenth Circuit.

June 8, 1964.

George A. Lowe, Olathe, Kan., and Kenneth P. Soden, Mission, Kan. (Lowe, Lowe & Lowe, Olathe, Kan., and Soden & Cochran, Mission, Kan., were with them on the brief), for appellant.

William H. Curtis, Kansas City, Mo. (N. E. Snyder, Kansas City, Kan., John R. Bancroft, and Morrison, Hecker, Cozad & Morrison, Kansas City, Mo., were with him on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant brought suit alleging that her husband was insured by the appellee at the time of his death. He died after making application and being examined for a life insurance policy, but before the policy was issued. The complaint contains several causes of action based on several theories, but this appeal concerns the cause of action alleging that the decedent was temporarily insured. The appellant here asserts that it was error for the trial court to have dismissed her cause of action which asserted that such temporary insurance was in force, and was in error in entering judgment for the appellee.

The record shows that the decedent completed part one of an application for a life insurance policy, that he paid the amount of $90.97 as the premium for the policy applied for, and received a receipt. The decedent further underwent physical examination on June 13, 1959, and part two of the application was then completed to describe the results of such examination. The decedent died on July 5, 1959, the appellee never having acted on the application. The appellant asserts that a contract for temporary insurance was in force from the date the physical examination portion of the application was completed.

The record shows that the decedent had a subarachnoid hemorrhage in 1959, and under the rules of appellee the decedent was not a risk acceptable at the rate of premium set forth in the receipt he received, nor was he entitled to a policy which contained a waiver of premiums as requested in his application. He would have been insurable however at a higher premium. The trial court, in dismissing appellant's first cause of action asserting temporary insurance, ruled that it was necessary for appellant to prove that the decedent was at the time of the application a risk acceptable under appellee's rules, limits, and standards, on the plan and for the amount of insurance applied for at the rate of premium paid, and that he was then in good health.

 The receipt here in question is the type generally referred to as the "insurable" type rather than an "approval" type.[1] 2 A.L.R.2d 943, 107 A.L.R.

1. "First—If a full first premium in accordance with the published rates of the Company for the form of policy applied for in Question 4 has been paid at the time of making such application and declaration of such payment is made therein, the insurance, subject to the terms and conditions of the policy contract applied for and in use by the Company at this date, shall take effect on the date of Part One or Part Two of the application, whichever is the later, provided: (1) a later effective date is not requested in the application, Part One, (2) the application, Part Two, is duly completed, (3) the Proposed Insured is on this date a risk acceptable to the Company under its rules, limits and standards, on the plan and for the amount applied for and at the rate of premium declared paid, and (4) the Proposed Insured is on this date in good health; otherwise, the payment evidenced hereby shall be returned upon demand and surrender of this receipt. In any event, the amount of insurance becoming effective

195, 81 A.L.R. 332, 44 Yale L.J. 1223, 63 Yale L.J. 523, Simpson v. Prudential Ins. Co. of America, 227 Md. 393, 177 A.2d 417. Thus it provides that the insurance would be in force if at the date the application is completed, the applicant be in good health, be a risk acceptable under the company rules on the plan of insurance applied for and at the rate of premium paid. The application is not subject to the approval or acceptance by the company as provided in the "approval" type of receipt. Hence it is not necessary to discuss the authorities considering the "approval" type of receipt. The parties cite and discuss Mofrad v. New York Life Ins. Co., 206 F.2d 491 (10th Cir.); Liberty National Life Ins. Co. v. Hamilton, 237 F.2d 235 (6th Cir.); Ransom v. The Penn Mutual Life Ins. Co., 43 Cal. 2d 420, 274 P.2d 633, and Gaunt v. John Hancock Mutual Life Ins. Co., 160 F.2d 599 (2d Cir.).

The trial court found that the receipt was not ambiguous. It distinguished Gaunt v. John Hancock Mutual Life Ins. Co., supra, on the point that it concerned a receipt containing confusing provisions. The trial court observed that a fair, understandable condition precedent or prerequisite to liability is not objectionable, and we agree. The receipt in the case at bar is clear and sets out the conditions to be met. These conditions are part of the understanding between the parties, and they must be complied with. The plain, clear provisions of the receipt cannot be ignored or overridden. The receipt with which we are here concerned is not so grossly unfair or misleading as to prevent its enforcement. This receipt expressly provides that it is a conditional

one if the requirements are not met. We held in Mofrad v. New York Life Ins. Co., 206 F.2d 491, a case arising from Utah, that the conditions in a receipt of this type requiring insurability at the date of application would have to be met. This court further said that under the receipt there concerned, nothing indicated a temporary insurance agreement. The same result must follow in the case at bar. The conditions must be met, and there is no intent to create an agreement of insurance until they are met. Appellant points to no particular provision of the receipt which could create temporary insurance. Either the policy applied for is in force or there is no coverage of any nature. Since the conditions were not met, no insurance was in force at the time the applicant died. In Taylor v. New York Life Ins. Co., 324 F.2d 768 (10th Cir.), this court had before it a receipt which was conditioned upon the company being "satisfied from evidence received by it that, at the time of the application, the proposed insured * * * was acceptable under the company's rules for the policy applied for, * * * " and the agent having received the premium. The court there found no ambiguity in the application and that the conditions were clear and should be complied with. The jury there found that the applicant, on the basis of the information furnished to the company, was not insurable under its rules. Thus the conditions of the receipt were not met and no insurance was in force.

Appellant strongly urges that Liberty National Life Ins. Co. v. Hamilton, 237 F.2d 235 (6th Cir.), be applied as the law of Kansas. The trial court discusses this

under the terms hereof as a binding receipt is hereby limited to the extent that in the event of the death of the Proposed Insured the total liability of the Company shall not exceed $100,000 inclusive of life insurance then in force with the Company and any additional benefits payable by the Company as a result of the death of the Proposed Insured by accidental means.

"Second—This receipt shall operate as a Conditional Receipt if the insurance is not effective under the exact conditions stipulated in this receipt. If a policy differing in form, amount or premium from that applied for is offered, no insurance shall be considered in effect under the application herein referred to unless and until the full first premium is paid and a policy actually delivered to and accepted by the Applicant during the continued good health of the Proposed Insured as stipulated by the terms of the application appearing on the reverse side hereof."

case in its Memorandum of Decision but did not follow it as the law of Kansas. The court cites, among others, New England Mutual Life Ins. Co. of Boston, Mass. v. Hinkle, 248 F.2d 879 (8th Cir.), a case arising in Iowa, on the requirement that good health and insurability were prerequisite to liability.

■ There are no Kansas cases in point, and the trial court's determination of the law of Kansas will be accepted by this court unless we are clearly convinced to the contrary. Dallison v. Sears, Roebuck and Co., 313 F.2d 343 (10th Cir.); Robert Porter & Sons, Inc. v. National Distillers Products Co., 324 F.2d 202 (10th Cir.).

Affirmed.