JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, a Massachusetts corporation, Plaintiff-counter-defendant—Appellee,

v.

ESTATE OF Jane K.F. FONG, an Estate Administered in the State of California; Jane Fong Irrevocable Trust 2001, a Trust Administered in the State of California; Jennifer H.L. Fong, a California resident, individually and as Trustee of the Jane Fong Irrevocable Trust 2001; Sophia H.P. Fong, a California resident, individually and as Trustee of the Jane Fong Irrevocable Trust 2001; Tom Fong, individually, a California resident; Sam W.S. Fong, individually, a California resident;, Defendants-counter-claimants—Appellants,

John Hancock Life Insurance Company; John Hancock Financial Services Group, a Massachusetts corporation, Counter-defendants—Appellees.

No. 03–56017.

D.C. No. CV–02–05514–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2005.

Decided Feb. 22, 2005.

John K. Kirby, Burnham & Brown A Professional Law Corporation, Oakland,

CA, for Plaintiff–Counter–Defendant–Appellee and Counter–Defendants–Appellees.

Robert K. Scott, Law Offices of Robert K. Scott, Irvine, CA, for Defendants–Counter–Claimants–Appellants.

Before HUG, THOMPSON, and HAWKINS, Circuit Judges.

## MEMORANDUM *

The Estate of Jane K. Fong challenges the district court's grant of summary judgment in favor of John Hancock Variable Life Insurance Company. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we review the district court's grant of a motion for summary judgment *de novo*. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004). We affirm.

■ The provision in question, Paragraph D of the life insurance application, made clear that the policy would only take effect if, at the time of delivery of the policy, Mrs. Fong had not "consulted or been examined or treated by a physician or practitioner since" the completion of an examination by John Hancock's physician. This language cannot be read as a good health provision. *See New York Life Ins. Co. v. Gist*, 63 F.2d 732, 733 (9th Cir.1933). The language created a valid condition precedent. *Id.* at 735; *see also Willard v. Valley Forge Life Ins. Co.*, 218 F.Supp.2d 1197, 1201–02 (C.D.Cal.2002) (citing a number of California cases upholding conditions precedent in life insurance contracts). Mrs. Fong's subjective assess-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ment of the condition of her health and the materiality of the information the doctors conveyed to her is irrelevant under the language of this provision. *Compare Gist,* 63 F.2d at 733 (holding that similar language prevented policy from taking effect where applicant consulted a physician), *with Metro. Life Ins. Co. v. Devore,* 66 Cal.2d 129, 56 Cal.Rptr. 881, 424 P.2d 321, 326–28 (Cal.1967) (assessing insured's reasonable belief in his good health under a good health provision).

Mrs. Fong not only consulted a physician, she had X-rays and a mammogram and scheduled further testing to rule out the possibility of cancer. Because she consulted with at least three practitioners between the time she completed the application and the time the policy was delivered, the policy never went into effect. The judgment of the district court is **AFFIRMED.**